THOMAS P. BROWN (S.B. #182916)
tbrown@omm.com
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Attorneys for Defendants
Bill Me Later, Inc., eBay Inc., and
PayPal, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KYLE SAWYER, Individually and on behalf of all others similarly situated, | Case No. CV10 4461 SJO (JCG) |
| Plaintiff, | NOTICE OF REMOVAL |
| v. | |
| BILL ME LATER, INC., EBAY INC., PAYPAL, INC., and DOES 1-100, | |
| Defendants. | |

NOTICE OF REMOVAL

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, Defendants eBay Inc., PayPal, Inc., and Bill Me Later, Inc. ("Defendants"), hereby remove this civil action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, Western Division. Removal is proper because this is a putative class action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §§ 1441(a) & 1453(b). Specifically, this action satisfies the jurisdictional prerequisites under the Class Action Fairness Act ("CAFA"). Minimal diversity exists because Bill Me Later is a citizen of Maryland and the putative class are California citizens. Additionally, the amount in controversy exceeds $5 million dollars. This Notice of Removal is timely because it has been filed within thirty days of the Defendants being served with the summons and complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). This Court, therefore, has original jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332.

### Prior Federal Complaint

1. On or about January 4, 2010, Mr. Sawyer filed a class action complaint in the Northern District of California, San Francisco Division, before the Honorable Judge Jeffrey S. White against Defendants Bill Me Later and eBay. (Declaration of Patricia B. Hsue Ex. 1.) Mr. Sawyer's complaint challenged Bill Me Later's conduct under California consumer protection laws and the California Constitution pursuant to CAFA. (*Id.*) eBay was included in the suit because it was Bill Me Later's corporate parent. (*Id.*) Mr. Sawyer alleged five separate causes of action: (1) breach of contract under California Civil Code §1671; (2) violation of the Consumers Legal Remedies Act ("CLRA"); (3) violation of the California Constitution Article XV; (4) violation of the California Unfair Competition Law under Business and Professions Code §17200 ("UCL"); and (5) aiding and abetting

NOTICE OF REMOVAL

1   by eBay. (*Id.* ¶¶ 63-92.)  Mr. Sawyer also alleged that federal jurisdiction was

2   appropriate under CAFA because the class consists of "California residents," eBay

3   is headquartered in California, and Bill Me Later is headquartered in Maryland.

4   (*Id.* ¶¶ 11-12, 14.)  He further alleged federal jurisdiction was appropriate because

5   the class paid "illegal interest and penalties in excess of five million dollars

6   ($5,000,000)." (*Id.* ¶ 15.)

7        2.     On February 22, 2010, eBay and Bill Me Later filed motions to

8   dismiss with a noticed hearing date of April 23, 2010.  (Hsue Decl. ¶ 2.)  While the

9   motions were pending, Judge White vacated the hearing date and issued an Order to

10  Show Cause requiring Plaintiff to explain whether the Court had subject-matter

11  jurisdiction in light of Plaintiff's argument, included in his opposition to eBay's

12  motion to dismiss, that Bill Me Later and eBay are alter egos.  (Hsue Decl. Ex. 2.)

13  The Court reasoned that if Bill Me Later was in fact eBay's alter ego, its citizenship

14  would be defined based on eBay's citizenship, and thus there would not be a

15  defendant with citizenship diverse from Plaintiff.  (*Id.*)

16       3.     On April 29, 2010, Mr. Sawyer filed a response to the Court's order

17  arguing that subject-matter jurisdiction was appropriate under CAFA despite his

18  alter ego arguments because the legal standards for alter ego liability and for

19  citizenship differed.  (Hsue Decl. Ex. 3 at 3-4.)  One week later, eBay filed a Reply

20  to Mr. Sawyer's Response concurring that subject-matter jurisdiction was

21  appropriate under CAFA, but for the reason that Bill Me Later and eBay are not in

22  fact alter egos, such a legal theory was entirely absent from the complaint, and Mr.

23  Sawyer failed to allege any facts to support that legal theory.  (Hsue Decl. Ex. 4 at

24  2.)

25       4.     On May 14, 2010, Judge White dismissed this action for lack of

26  subject-matter jurisdiction based on the allegations of the original complaint.  The

27  Court called Plaintiff's argument "disingenuous and an attempt to have it both

28  ways." (Hsue Decl. Ex. 5 at 2.)  The Court found that Plaintiff had failed to carry

1   his burden to satisfy the jurisdictional requirements because of his contradictory

2   alter ego assertions, *i.e.* that eBay and Bill Me Later were not alter egos for the

3   basis of jurisdiction, but were alter egos to defeat eBay's motion to dismiss the

4   action. (*Id.* at 2-3.) The Court made no finding as to the evidence of alter ego,

5   addressing only the implications of Plaintiff's bare assertion.

6   **Timeliness of Removal**

7        5.     On May 21, 2010, Mr. Sawyer re-filed his class action complaint, with

8   minimal alterations, in the Superior Court of the State of California for the County

9   of Los Angeles. (Attached hereto as Exhibit A.) The complaint alleges identical

10   causes of action, (Hsue Decl. Ex. 6 ¶¶ 71-100.), but adds PayPal, Inc., another

11   wholly-owned eBay subsidiary, as a defendant as well. (*Id.* ¶ 13.) All Defendants

12   were served with the summons and complaint that same day. (Hsue Decl. ¶ 3.)

13        6.     Removal of this case is timely pursuant to 28 U.S.C. § 1446(b).

14   Defendants filed this Notice of Removal within thirty days of the Defendants being

15   served with the summons and complaint.

16   **Jurisdiction:  Minimal Diversity of Citizenship**

17        7.     This Court has original jurisdiction over this class action based on

18   diversity of citizenship under CAFA.  28 U.S.C. § 1332.

19        8.     Here, minimal diversity exists between Plaintiff and Defendants as

20   follows:

21             a.     The putative class is comprised solely of California citizens.

22   (Hsue Decl. Ex. 6 ¶ 22.)

23             b.     Defendant eBay is headquartered at 2145 Hamilton Avenue, San

24   Jose, California 95125. (Hsue Decl. Ex. 6 ¶ 12.) For purposes of diversity

25   jurisdiction, eBay is a California citizen. *Hertz Corp. v. Friend,* 130 S. Ct. 1181,

26   1192-93 (2010).

27             c.     Defendant PayPal is a wholly-owned subsidiary of eBay also

28   headquartered at 2145 Hamilton Avenue, San Jose, California 95125.  (Hsue Decl.

1    Ex. 6 ¶ 13.) For purposes of diversity jurisdiction, PayPal also is a California

2    citizen. *See Hertz Corp.*, 130 S. Ct. at 1192-93.

3                    d.      Defendant Bill Me Later is a subsidiary of eBay and is

4    headquartered in Timonium, Maryland. (Hsue Decl. Ex. 6 ¶ 11.) For purposes of

5    diversity jurisdiction, Bill Me Later is a citizen of Maryland. *See Danjaq, S.A. v.*

6    *Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992); *see also Hertz*, 130 S.

7    Ct. at 1192-93.

8           9.      For a putative class action that meets the other requirements of CAFA,

9    diversity of citizenship exists if at least one plaintiff has diverse citizenship from at

10   least one defendant. 28 U.S.C. § 1332(d)(2). A corporation's citizenship is

11   determined based on the location of the company's principal place of business or

12   headquarters. *Hertz Corp.*, 130 S. Ct. at 1192-93. In a parent-subsidiary context,

13   the companies are treated independently with citizenship determined by each

14   company's principal place of business or headquarters. *Danjaq, S.A*, 979 F.2d at

15   775.

16          10.     The only exception to the parent-subsidiary rule in *Danjaq* is when

17   there is evidence of an alter ego relationship between the parent and subsidiary. *Id.*

18   The Ninth Circuit has held that to impute a parent's citizenship to its subsidiary—

19   and vice versa—there must be a "showing that the subsidiary is merely an alter ego

20   of its parent corporation" that will justify ignoring the corporate form. *Id.*

21   "Showing" that the subsidiary is an alter ego requires allegations of supporting facts

22   beyond simple conclusory statements. *Jeong v. Onada Cement Co.*, No. CV-99-

23   11092 GHK, 2000 WL 33954824, at *2 (C.D. Cal. May 17, 2000) (allegations that

24   "all the Defendants are alter egos of each other" or that the "subsidiaries [are]

25   owned wholly or in majority" are insufficient to impute citizenship). Courts will

26   weigh a number of factors in determining whether a subsidiary is merely the alter

27   ego of a parent.

28          11.     Factors courts weigh include, among other things: (1) the degree of

                                         - 4 -                    NOTICE OF REMOVAL

1   control a parent exercises over the subsidiary; (2) the relationship between the
2   companies; (3) overlap in membership of the board of directors; and (4) whether the
3   companies maintain separate corporate books. 13F Charles A. Wright, Arthur R.
4   Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3625, at 135
5   (2009); *see also Danjaq*, 979 F.2d at 775; *Jeong*, 2000 WL 33954824, at *2.
6   Courts have also examined whether there is an absence of corporate formalities,
7   inadequate capitalization, overlap in ownership, and whether the corporations
8   engage in arms length transactions among themselves. *Powers v. Fox Television*
9   *Stations, Inc.*, 907 F. Supp. 719, 723-24 (S.D.N.Y. 1995).

10       12.    Here, eBay, Bill Me Later and PayPal have properly maintained their
11  separate and independent corporate identities. Neither eBay nor PayPal use Bill Me
12  Later as a mere conduit to conduct their businesses. (Declaration of Kathryn W.
13  Hall ¶ 3.) Additionally, eBay, Bill Me Later, and PayPal maintain corporate
14  formalities. The three companies maintain separate Board minute books and
15  corporate records. (*Id.* ¶ 4.) Transactions between eBay, Bill Me Later, and PayPal
16  are documented with signed inter-company agreements with interest rates based on
17  arm's length rates in accordance with practices established in the financial markets.
18  (*Id.*) Each company is adequately capitalized to satisfy the obligations incurred in
19  their daily operations, maintains independent balance sheets, owns legal title to all
20  assets on their individual balance sheet, and does not concentrate all assets in one
21  company and all liabilities in another. (*Id.* ¶ 5.) The Defendants maintain
22  independent bank accounts with the balance documented in each company's
23  individual books and records. (*Id.*) Nor do eBay, PayPal, or Bill Me Later allow
24  any other company, including each other, the unauthorized use of its funds. (*Id.*)

25       13.    Furthermore, the three companies maintain separate headquarters and
26  campuses, the majority of employees are independently employed by either eBay,
27  PayPal, or Bill Me Later, and the three companies use their own set of equipment.
28  (*Id.* ¶ 6.) The majority of Bill Me Later's employees are located in Timonium,

- 5 -

1    Maryland. (*Id.*)  Each company has a Board of Directors. (*Id.* ¶ 7.)  eBay shares no

2    directors with Bill Me Later and PayPal shares only one director with Bill Me

3    Later. (*Id.*)  The three companies do not employ identical officers—with only two

4    individuals serving as officers of all three companies. (*Id.*)  And most of the

5    executives for each company reside at their company's independent campus. (*Id.* ¶

6    6.)  It is general public knowledge that Bill Me Later and PayPal are wholly-owned

7    subsidiaries of eBay. (*Id.* ¶ 8.)

8         14.    Courts have relied on these same factors in determining whether an

9    alter ego relationship exists. *See Monaco v. Liberty Life Assur. Co,* No. C06-07021

10   MJJ, 2007 U.S. Dist. LEXIS 31298, at *13-14 (N.D. Cal. Apr. 17, 2007)

11   (identifying factors generally examined to ascertain true corporate relationship and

12   whether one is the alter ego of another); *see also Sonora Diamond Corp. v.*

13   *Superior Court,* 83 Cal. App. 4th 523, 538-43 (2000) (holding that no one factor is

14   dispositive and the court must weigh the totality of the circumstances in deciding

15   whether one entity is merely an alter ego of another).

16        15.    Although Mr. Sawyer has alleged a few facts to support his alter ego

17   contentions, these few facts do not justify disregarding the Defendants' independent

18   corporate forms. (Hsue Decl. Ex. 6 ¶¶ 11-16, 21.)  Courts have recognized that the

19   facts alleged—oversight of Bill Me Later by PayPal's president, inclusion of Bill

20   Me Later's CEO in PayPal's senior executive team, registering under the same

21   corporate address in California, using the same agent for service of process, some

22   overlap in employees, consolidated financial reporting, and providing funds to a

23   subsidiary (*id.*)—are entirely consistent with a normal parent-subsidiary

24   relationship, which does not show alter ego status for jurisdictional or liability

25   purposes. *See Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.,* No. CIV 05-

26   583 LKK/GGH, 2007 WL 2384841, at *6-7 (E.D. Cal. Aug. 17, 2007) (evidence of

27   some interlocking officers and shared legal representation is a normal aspect of

28   corporate ownership and insufficient for alter ego liability); *Maddock v. KB Homes,*

NOTICE OF REMOVAL

1  *Inc.*, 631 F. Supp. 2d 1226, 1243 (C.D. Cal. 2007) (listing same agent for service of

2  process is not enough for alter ego liability); *F. Hoffman-LA Roche, Ltd. v. Superior*

3  *Court*, 130 Cal. App. 4th 782, 798 (2005) (holding that a normal parent-subsidiary

4  relationship may include interlocking directors and officers, consolidated reporting,

5  shared professional services, close financial connection and direction of

6  management); *Sonora Diamond Corp*, 83 Cal. App. 4th at 538-39, 49-50

7  (consolidated financial reporting and financially assisting a subsidiary to meet its

8  legitimate financial obligations does not expose a parent to alter ego liability).

9    16.  Moreover, Mr. Sawyer has already told another federal judge, related

10  to his earlier complaint, that "Bill Me Later from its inception has been a

11  completely independent company, *with no association with eBay* until eBay

12  acquired Bill Me Later in 2008" with "headquarters [] at all relevant times [] in

13  Timonium, Maryland." (Hsue Decl. Ex. 3 at 4.)  Mr. Sawyer further concedes that

14  he "did not allege Bill Me Later has failed to observe all corporate formalities"

15  (*id.*), that "the Complaint focuses primarily on *Bill Me Later's* business model,

16  which *predates* the purchase by eBay[,]" and that "*the allegations do not concern*

17  *the distinct business of parent eBay*. . . ." (*Id.* at 5 (emphasis added).)  Given these

18  concessions, in addition to the lack of facts pled in the new complaint that would

19  support a finding of alter ego, Mr. Sawyer's alter ego allegations are insufficient

20  and each company's citizenship should be determined independently.

21    17.  Defendants have satisfied the CAFA requirements for diversity

22  jurisdiction.  Minimal diversity exists because Bill Me Later is a Maryland citizen

23  and the proposed class members are California citizens.  Although Plaintiff includes

24  allegations in his complaint that eBay and PayPal are alter egos of Bill Me Later, he

25  fails to allege sufficient facts to rebut the presumption of the Defendants' corporate

26  independence for purposes of determining citizenship. *See Danjaq*, 979 F.2d at

27  775; *Jeong*, 2000 WL 33954824, at *2.  Thus, Bill Me Later's citizenship is based

28  on its corporate headquarters in Maryland. *See Hertz Corp.*, 130 S. Ct. at 1192-93.

NOTICE OF REMOVAL

1    Additionally, because the complaint primarily focuses on Bill Me Later's actions,

2    as Plaintiff already has admitted (Hsue Decl. Ex. 3 at 4), diversity jurisdiction under

3    CAFA is appropriate.  28 U.S.C. § 1332(d)(4).

## Jurisdiction:  Amount in Controversy

5        18.    In addition to minimal diversity, CAFA also requires that the amount

6    in controversy exceed the sum or value of $5,000,000, exclusive of interest or costs.

7    28 U.S.C. §1332(d)(2).  Mr. Sawyer has requested remedies including injunctive

8    relief, rescission of all loan contracts, damages equal to three times the interest paid

9    by the class, and punitive damages.  (Hsue Decl. Ex. 6 ¶¶ A-G.)  He has previously

10   alleged, in a nearly identical complaint, that the amount in controversy exceeds

11   $5,000,000.  (Hsue Decl. Ex. 1 ¶ 15.)  And Bill Me Later, Inc. collected more than

12   five million dollars in interest from California citizens from May 2009 to May

13   2010.  (Declaration of Richard Stromberg ¶ 3.)  Thus, Defendants have satisfied the

14   amount in controversy requirement for subject-matter jurisdiction under CAFA.  28

15   U.S.C. §1332(d)(2).

## Joinder of Co-Defendants in Removal

17       19.    All Defendants have joined in this Notice of Removal.  (Hsue Decl. ¶

18   4.)

## Venue (Western Division)

20       20.    Filing the notice of removal is proper in this district and division

21   because the California Superior Court for the Los Angeles County is located within

22   the Federal Central District of California, Western Division.  Therefore, venue for

23   this Notice is proper pursuant to 28 U.S.C. § 84(a) because this is the "district and

24   division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## Conclusion

26       21.    In sum, this Court has removal jurisdiction over this action under 28

27   U.S.C. §§ 1441(a) and 1453(b) because minimal diversity exists and this Notice has

28   been filed within thirty days of Defendants being served with the summons and

NOTICE OF REMOVAL

1    complaint and within one year of the original filing of the action. *See* 28 U.S.C. §
2    1446(b).

3            22.    Written notice of the filing of this Notice of Removal is hereby given
4    to Plaintiff.

5            23.    A Notice of filing of this Notice of Removal will be filed with the
6    Clerk of the Superior Court of the State of California for the County of Los
7    Angeles.

8
         Dated:    June 17, 2010
9

10                                           O'MELVENY & MYERS LLP
11

12                                           By: _____
                                                   Thomas P. Brown
13
                                             Attorneys for Defendants
14                                           Bill Me Later, Inc., eBay Inc., and
                                             PayPal, Inc.
15

16
     SFI:795756
17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A



ORIGINAL

5/21/2010        213-623-7527 - ACE ATTORNEY SERVICE - BY FAX        Page 1 of 26

A6-28
90503
complex

**FILED**
Los Angeles Superior Court

MAY 21 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

1 Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
2 HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
3 Berkeley, CA 94710
Telephone: (510) 725-3000
4 Facsimile: (510) 725-3001
jefff@hbsslaw.com
5 shanas@hbsslaw.com

6 Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
7 1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
8 Telephone: (206) 623-7292
Facsimile: (206) 623-0594
9 steve@hbsslaw.com

10 Attorneys for Plaintiff

11
12
13        SUPERIOR COURT OF THE STATE OF CALIFORNIA

14            FOR THE COUNTY OF LOS ANGELES

15 KYLE SAWYER, Individually and on behalf of )   No.    BC438153
all others similarly situated,             )
16                                          )   **CLASS ACTION**
                                            )
17                      Plaintiff,          )   **COMPLAINT FOR DAMAGES,**
                                            )   **RESTITUTION, AND INJUNCTIVE**
18          v.                              )   **RELIEF**
                                            )
19 BILL ME LATER, INC., EBAY INC.,          )   **JURY TRIAL DEMANDED**
PAYPAL, INC., and DOES 1-100,              )
20                                          )
                        Defendants.         )
21
22
23
24
25
26
27
28

010133-12 370852 V1

1    Plaintiff, Kyle Sawyer, brings this class action suit against Bill Me Later, Inc., eBay, Inc.

2    and PayPal, Inc. on behalf of himself and all others similarly situated.  The following allegations

3    are based on information and belief, except as to allegations specifically pertaining to Plaintiff,

4    which are based on personal knowledge.

5                                   **I.       NATURE OF ACTION**

6          1.       Defendant Bill Me Later, Inc. ("Bill Me Later"), which offers an instant,

7    transactional credit plan that consumers can use at the point-of-sale to check out and make online

8    purchases, has structured a relationship with CIT Bank, an out-of-state bank, to disguise the true

9    lending relationship in connection with these consumer loans.

10         2.       The purpose and structure of the relationship between Bill Me Later and CIT Bank

11   is to facilitate Bill Me Later's illegal efforts to avoid California laws that protect consumers from

12   being charged usurious interest rates and contractual penalties.

13         3.       Bill Me Later, which is neither a state or federally chartered financial institution nor

14   a licensed financial lender, is subject to generally applicable California consumer-protection laws

15   and is prohibited from charging contractual penalties and usurious interest rates.  Bill Me Later has

16   devised a scheme with the purpose and intent to avoid these California consumer-protection laws,

17   thereby causing injury to consumers and competitors.

18         4.       Bill Me Later has constructed a scheme whereby it in effect "rents" CIT Bank's

19   name and its bank charter as a sham, so that Bill Me Later can evade California law which would

20   otherwise prohibit Bill Me Later from making loans with usurious interest rates and charging

21   illegal contractual penalties.  Bill Me Later has structured this "rent-a-charter" relationship with

22   CIT Bank to completely escape regulatory oversight, while at the same time hiding under the

23   preemption umbrella afforded to certain banking institutions – even though Bill Me Later is the

24   true lender in its relationship with consumers.

25         5.       Instead of using a credit card number to checkout during an online purchase of

26   goods or services, shoppers click on the Bill Me Later icon and are asked for the last four digits of

27   their Social Security number and their date of birth.  If their credit is satisfactory according to Bill

28   Me Later's sophisticated credit scoring algorithm, Bill Me Later arranges the transfer of payment

                                    CLASS ACTION COMPLAINT

1  to the merchant and sends the shopper a bill within two weeks. Shoppers can pay right away, or

2  later with usurious interest rates and subject to exorbitant penalties for paying late. Shoppers can

3  pay their bill online through their bank or with a check by mail.[1]

4       6.    At all material points in a lending transaction involving Bill Me Later, Bill Me Later

5  controls the loan transaction. Accordingly, the legal and economic reality of all transactions is that

6  Bill Me Later is the true lender to the consumer – not CIT Bank. Facts demonstrating Bill Me

7  Later is the true lender include but are not limited to:

8      •    Bill Me Later is the sole entity to interface with the consumers;

9      •    Bill Me Later owns and controls the branding of the loans which are available only
          through its proprietary credit approval software engine;

10      •    Bill Me Later provides and accepts the online loan applications for consumers;

11      •    Bill Me Later reviews the credit of consumer applicants and decides whether to
12            make the loans using Bill Me Later's credit decision computer model;

13      •    Bill Me Later owns both the liabilities (including risk of default) and receivables for
          the loans it approves;

14      •    Bill Me Later services the accounts and accepts loan payments from consumers; and

15      •    Bill Me Later claims the consumer loans as assets in its independently audited
16            financial statements and sets the late fees and interest rates about which Plaintiff and
          the Class complain.

17       7.    In truth, CIT Bank is not the "lender" but instead has agreed to the structure for a

18  fee so that Bill Me Later may attempt to avoid California laws prohibiting excessive late fees and

19  usurious interest rates. Indeed, when the tiered late fees are included, the imputed APR can exceed

20  100%.

21       8.    For example, one consumer complained:

22          While ordering books online for $40.87, I was invited to open a
        BillMeLater account, which I did, wanting to know how it worked; I
23          paid $20.07 for the first billing cycle. I forgot the due date of the
        second billing cycle, since it's not part of my regular bills. On a
24          balance of $20.87, I was charged a late fee of $19.00, plus $2 finance
        charge. On their website, my statement shows an *ANNUAL*
25          *PERCENTAGE RATE OF 115% !!!* I am charged a daily fee of
        $0.35. I wanted to pay my total remaining balance, & immediately
26

27      [1]   Erika Brown, *Technology: Credit Card Killer*, Forbes.com, Dec. 11, 2006, http://www.forbes.com/forbes/
28  2006/1211/068_2.html (last visited May 18, 2010); Bill Me Later, About Bill Me Later: The Product (2009),
https://www.billmelater.com/about/index.xhtml?s_kwcid=billmelater (last visited May 18, 2010).

1   cancel my account. Their system did not allow me to do that: I had
    to do it on two different days; in the meantime, of course, they are
2   charging more money. This is pure usury; these companies should
    not be allowed to be in business; they should be sued, made to
3   reimburse their exorbitant fees, terminated, and closed.[2]

4       9.    Bill Me Later must comply with California law and is not doing so on a continuing

5   basis. Accordingly, Plaintiff and the Classes bring this suit to enjoin Defendants from future illegal

6   conduct that is harmful to consumers and to Defendants' competitors and to recover funds for

7   consumers who were charged illegal and unfairly high interest rates and unlawful late fees. This

8   action arises under California Civil Code section 1671, California's Consumers Legal Remedies

9   Act, Cal. Civ. Code §§ 1750, *et seq.*, Section 1 of Article XV of the California Constitution, and

10  the Unfair Competition Law §§ 17200, *et seq.*

11                      **II.    PARTIES**

12      10.    Plaintiff, Kyle Sawyer, resides in Torrance, California, and has used the Bill Me

13  Later service and was charged and has paid unlawful interest rates and penalty fees.

14      11.    Defendant Bill Me Later is a subsidiary of Defendant eBay, Inc. ("eBay"). Bill Me

15  Later is headquartered in Timonium, Maryland, with additional offices in Hunt Valley, Maryland,

16  and San Francisco, California. As registered on the California Secretary of State's website, Bill

17  Me Later's address is 2145 Hamilton Avenue, San Jose, California, 95125. Bill Me Later's Agent

18  for Service of Process in California is National Registered Agents, Inc., 2875 Michelle Drive, Suite

19  100, Irvine, California, 92606.

20      12.    Defendant eBay is the parent company of Bill Me Later. The address of eBay's

21  headquarters is 2145 Hamilton Avenue, San Jose, California, 95125. EBay's Agent for Service of

22  Process in California is National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine

23  California, 92606. In 2008, eBay paid $945 million to acquire Bill Me Later.[3] In its Form 10-Q,

24  filed with the Securities and Exchange Commission ("SEC"), dated April 28, 2009, eBay stated:

25

26        [2]  *See* RipoffReport.com, Report: BillMeLater, http://www.ripoffreport.com/Credit-Debt-Services/BillMeLater/
    billmelater-stay-away-from-bil-eq8f2.htm (last visited May 18, 2010). All internal citations and quotations omitted
27  and all emphasis added, unless otherwise indicated.

          [3]  Scott Moritz, *EBay to lend buyers a hand*, CNNMoney.com, Oct. 6, 2008, http://money.cnn.com/2008/
28  10/06/technology/ebay-bill-me.fortune/index.htm (last visited May 18, 2010).

1  "Bill Me Later . . . purchases the receivable related to the consumer loan extended by CIT Bank"[4]

2  and "[w]e currently fund the purchase of receivables related to Bill Me Later accounts through free

3  cash flow generated from our portfolio of businesses and from our existing line of credit."[5]  Thus,

4  eBay aids and abets Bill Me Later's violations of California law described herein because it

5  actively manages and enables the funding and purchasing of the consumer loans at issue.

6          13.     Defendant PayPal, Inc. ("PayPal") is a wholly-owned subsidiary of eBay.  The

7  address of PayPal's headquarters is 2145 Hamilton Avenue, San Jose, California, 95125.  PayPal's

8  Agent for Service of Process in California is National Registered Agents, Inc., 2875 Michelle

9  Drive, Suite 100, Irvine, California, 92606.

10         14.     Upon its acquisition of Bill Me Later, eBay publicly stated its intent to combine Bill

11  Me Later with PayPal, another of eBay's payment subsidiaries.  Bill Me Later was to become a

12  business unit which was a part of eBay's PayPal subsidiary.  EBay announced that the president of

13  PayPal, Scott Thompson, would "oversee" both PayPal and Bill Me Later.  Gary Marino, the chief

14  executive officer of Bill Me Later, "will report to Thompson [the president of PayPal] as part of the

15  PayPal senior executive team."[6]  EBay repeatedly stated its plans to merge the PayPal and Bill Me

16  Later systems.[7]

17         15.     On information and belief, since being acquired by eBay, PayPal has integrated the

18  Bill Me Later systems and functionality into PayPal.  In eBay's latest Form 10-K, filed with the

19  SEC, eBay stated:

20                 We continue to invest in product development designed to capitalize
                   on synergies between Bill Me Later and other eBay brands.  In 2009,
21                 we introduced Bill Me Later as a funding source within a PayPal
                   account for certain U.S. customers and we also began to offer Bill
22                 Me Later as a payment method on eBay.com in the U.S.  In 2010, we
                   intend to further expand these offerings.  In addition, we have
23                 *combined our PayPal and Bill Me Later merchant sales teams* and
                   have begun selling both the PayPal and Bill Me Later solutions in a
24

25  ⁴    EBay Inc., Quarterly Report (Form 10-Q), at 30 (Apr. 28, 2009).

26  ⁵    EBay Inc., Quarterly Report (Form 10-Q), at 42 (Apr. 28, 2009).

    ⁶    *See* Press Release, EBay Inc., *EBay Extends Leadership In Online Payments* (Oct. 6, 2008) http://investor.
27  ebay.com/releasedetail.cfm?releaseid=338502 (last visted on May 18, 2010).

    ⁷    *See, e.g.,* Daniel Wolfe, *EBay Set To Merge Paypal and Bill Me Later Systems*, AmericanBanker.com, Mar.
28  13, 2009, http://www.americanbanker.com/issues/174_52/-374571-1.html (last visited May 18, 2010).

010133-12 370432 V1                                - 4 -

coordinated effort to offer merchants greater efficiency in product integration.[8]

16.    Gary Marino, the former CEO of Bill Me Later, is now the Senior Vice President of Credit Products and Risk of PayPal.[9]  In this role, he leads PayPal's credit business including its flagship Bill Me Later transactional credit service, as well as PayPal's global portfolio of credit products offered in conjunction with its banking partners.  He also oversees the team responsible for risk management and the security of the PayPal system.

17.    When posed the question, "Are Bill Me Later and PayPal the same company?" PayPal has publicly and evasively responded:  "PayPal acquired Bill Me Later in November 2008. Both Bill Me Later and PayPal are committed to providing customers with the fastest, most convenient online buying experience."[10]

18.    The true names and capacities (whether individual, corporate or otherwise) of Defendants Does 1-100, inclusive, are unknown to Plaintiff.  Therefore, Plaintiff sues those Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff further alleges that each fictitious Defendant is in some manner responsible for the acts and occurrences alleged herein.  Plaintiff will seek leave of this Court to amend this complaint to state the true names and capacities of said fictitiously named Defendants when same have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that the fictitiously named Defendants proximately caused his damages.

19.    Plaintiff and the Class allege on information and belief that all of the acts and omissions described in this Complaint by any Defendant were duly performed by, and attributable to all Defendants, each acting as agent and/or under the direction and control of the others, and such acts and omissions were within the scope of such agency, direction, and/or control.  Any reference in this Complaint to any acts of Defendants shall be deemed to be the acts of each and every defendant acting individually, jointly or severally.

---

[8]  EBay Inc., Annual Report (Form 10-K), at 11 (Feb. 17, 2010).

[9]  See PayPal, Executive Team, https://www.paypal-media.com/management.cfm (last visited May 18, 2010).

[10]  See PayPal Frequently Asked Questions:  Bill Me Later, https://www.paypal.com/cgi-bin/webscr?Cmd=xpt /Marketing/billmelater/BillMeLater-outside (last visited May 18, 2010).

010133-12  370832 V1

- 5 -

CLASS ACTION COMPLAINT

20.   Plaintiff is informed and believes, and thereon alleges, that each of the Defendants named herein, including those Defendants named as Doe Defendants, acted as the agent, employee, representative partner, joint venture, or co-conspirator of each of the other Defendants named herein in the commission of the acts and omissions to act alleged herein, and acted within the course and scope of his, her, or its duty as such agent, employee, representative, partner, joint venture or co-conspirator. The acts of each such Defendant were authorized and/or ratified by each other Defendant, and together constitute a single and continuing course of conduct.

21.   EBay and PayPal are liable as the alter egos of Bill Me Later. As detailed above, eBay and PayPal have engaged in manipulative conduct which relegates Bill Me Later to the status of merely an instrumentality, agency, conduit or adjunct. There is such unity of interest and ownership between eBay and PayPal on the one hand, and Bill Me Later on the other, that the separate personalities of the corporations no longer exist. Similarly, an inequitable result will follow if the acts of Bill Me Later are treated in isolation. Without the inclusion of eBay and PayPal, on information and belief, it is not certain that Bill Me Later has sufficient assets to satisfy a judgment in this action. EBay's filings with the Securities and Exchange Commission and public statements demonstrate that all assets lie with eBay and PayPal, and not with Bill Me Later. EBay funds the purchase of receivables related to Bill Me Later through its cash flow and credit lines. A reasonable inference therefrom is that Bill Me Later itself does not have sufficient capital to purchase these receivables. Given these statements eBay and PayPal, as the parent companies, are necessary parties to this case to achieve an equitable result.

## III.   CLASS ALLEGATIONS

22.   Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to California Code of Civil Procedure 382 and California Civil Code section 1781. Plaintiff seeks to certify and represent the following Classes:

a.   ***California Damages/Restitution Class***: All California citizens who received a loan using the services offered by Bill Me Later and were charged and paid interest in excess of ten percent within four years from the filing of this action up to and including the date judgment is entered in this action;

1         b.    *California Damages/Restitution Subclass*: All California citizens who

2 received a loan using the services offered by Bill Me Later and were charged and paid interest in

3 excess of ten percent and were also charged and paid a late fee within four years from the filing of

4 this action up to and including the date judgment is entered in this action; and

5         c.    *Injunctive Relief Class*: All California citizens who are current customers

6 of Bill Me Later.

7       23.    Plaintiff alleges, on information and belief, that the classes are composed of

8 thousands of people who have been charged and paid illegal interest and penalties in excess of

9 twenty-five thousand dollars ($25,000). The members of the classes are so numerous and

10 geographically dispersed throughout the state of California that joinder of all class members in this

11 action is impracticable.

12       24.    The identities and addresses of the individual members of the classes are

13 ascertainable through Bill Me Later's billing records.

14       25.    Plaintiff's claims are typical of the claims of the members of the classes because

15 Plaintiff and all members of the classes were damaged by the same wrongful conduct, namely the

16 imposition of usurious interest rates and penalty fees. Additionally, in the absence of injunctive

17 relief, Defendants' practices are generally applicable to all class members.

18       26.    Plaintiff will fairly and adequately represent and protect the interests of the classes.

19 Plaintiff's interests are coincident with and not antagonistic to those of the classes. In addition,

20 Plaintiff is represented by counsel experienced and competent in the prosecution of complex class

21 actions on behalf of consumers.

22       27.    There are numerous common questions of law and fact that predominate over any

23 issues affecting individual class members. Among the questions of law and fact common to the

24 classes are:

25         a.    Whether Bill Me Later is subject to generally applicable California

26 consumer-protection laws;

27         b.    Whether Bill Me Later charges unlawful usurious interest rates in violation

28 of the California Constitution or other applicable California laws;

010133-12 370832 V1

CLASS ACTION COMPLAINT

1         c.      Whether Bill Me Later charges unlawful and unenforceable contractual

2 penalties in violation of California law;

3         d.      Whether Bill Me Later should be enjoined from imposing and collecting

4 unlawful usurious interest payments and contractual penalties from California consumers; and

5         e.      Whether eBay has unlawfully aided and abetted Bill Me Later's violations of

6 California law.

7         28.    Defendants have acted and continue to act in a manner generally applicable to class

8 members, thereby making appropriate final injunctive relief or corresponding declaratory relief

9 with respect to the Injunctive Relief Class as a whole.

10         29.    Class treatment will benefit the class members, the parties, and the courts and is

11 superior to the alternatives, if any exist, for the fair and efficient adjudication of this controversy.

12 Individual California consumers are unlikely to obtain relief in the absence of class treatment.

13         30.    Plaintiff knows of no unusual difficulties that are likely to be encountered in the

14 management of this action that would preclude its maintenance as a class action.

15         **IV.    JURISDICTION AND VENUE**

16         31.    This case is classified as an unlimited civil case, where damages sought are in

17 excess of twenty-five thousand dollars ($25,000). Defendants transact significant business in

18 California and within this county, and Defendants carried out significant illegal business practices

19 within California and this county. In addition, Defendant eBay maintains its corporate

20 headquarters in California.

21         32.    Venue is proper in this county because Defendants are corporations and this matter

22 involves a contract made in this county. Moreover, the obligations, liabilities, and alleged breach

23 occurred in this county.

24         **V.    CALIFORNIA LAW GOVERNING LATE FEES AND INTEREST RATES**

25         33.    Section 1671 of the California Civil Code prohibits provisions in a consumer

26 contract liquidating damages for its breach except where the parties have agreed to an amount

27 reasonably related to the actual damages sustained when it would be impracticable or extremely

28 difficult to fix the actual damages; otherwise the liquidated damages are construed to be unlawful

010153-12 370832 V1

1    penalties. Federal laws and regulations, such as the National Banking Act, potentially preempt

2    efforts to enforce this state statute against penalty fees charged in conjunction with loans made by

3    banks chartered out-of-state.

4          34.     The State of California, by Section 1 of Article XV of the California Constitution,

5    prohibits usury and deems to be usurious interest rates on personal loans that exceed ten percent

6    per annum. Loans made by banks chartered out-of-state potentially are exempt from the California

7    Constitution's usury prohibition.

8          **VI.     UNLAWFUL PRACTICES BY BILL ME LATER**

9          35.     Bill Me Later is an instant, transactional credit plan that consumers use at the point-

10    of-sale to check out and make online purchases of particular goods and services. In contrast to

11    credit cards, which provide for a revolving line of credit, transactional credit is only authorized on

12    an item-by-item basis when goods or services are being purchased. Therefore, each instance when

13    a consumer applies for transactional credit depends on a near real-time instantaneous credit

14    decision by Bill Me Later that, if approved, is a transaction specifically intended and authorized to

15    result (and indeed does result) in the sale of goods or services.

16          36.     The Bill Me Later payment solution is available on the websites of more than 1,000

17    online stores, catalogs and travel partners, including during the relevant period Borders, Blue Nile,

18    Bluefly, Continental Airlines, eLUXURY, Fujitsu, JetBlue, Overstock, QVC, Toshiba, Toys "R"

19    Us, U.S. Airways, Walmart.com and Zappos.

20          37.     Bill Me Later is the true lender to the consumer in these transactions because it: (1)

21    is the sole entity to interface with the consumers, owns and controls the branding of the loans

22    which are available only through its credit software engine; (2) provides the online loan

23    applications for consumers, accepts the online loan applications from consumers, reviews the credit

24    of consumer applicants, decides whether and under what terms to make the loans; (3) is the entity

25    to extend the credit to consumers, services the accounts, accepts loan payments from consumers,

26    takes on the risk of consumers defaulting on their loans, claims the consumer loans as assets in its

27    independently audited financial statements, and sets the late fees and interest rates about which the

28    Plaintiff and the classes complain. CIT Bank is not the true lender, and instead Bill Me Later uses

1    CIT Bank's charter for purposes of circumventing California laws limiting late fees and interests

2    rates.  Indeed, eBay's close to one billion dollar ($1,000,000,000) purchase of Bill Me Later belies

3    any notion that Bill Me Later is simply relegated to the role of a small loan servicing agent acting

4    on behalf of CIT Bank.

5          38.     Courts have looked to the factors described above to determine the existence of a

6    sham or illusory lending relationship.  *See, e.g., Discover Bank v. Vaden*, 489 F.3d 594, 602-03

7    (4th Cir. 2007) (factors include whether the bank extended the credit and set the interest and fees,

8    whether the bank takes on the risk, and whether independently audited financial statements identify

9    the loans as assets of the bank); *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1205 (N.D.

10   Okla. 2003) (determining that the following allegations supported finding the bank *was not* the true

11   lender: "Although the loan proceeds are paid to borrowers by checks purportedly drawn from

12   County Bank, EZCorp through EZPawn exerts ownership and control over these loans.  EZCorp

13   through EZPawn carries out all interaction with the borrowers, accepts the ultimate credit risk,

14   collects and pockets virtually all of the finance charges and fees, and owns and controls the

15   branding of the loans which are available only at its pawnshops.").

16         39.     Moreover, when looking at the practice of "rent-a-charters" in the context of the

17   payday loan industry, the Office of the Comptroller of Currency ("OCC"), the agency that

18   regulates federal banks, has asserted that "the standard for finding complete preemption is not met"

19   where "the only defendant . . . is not a national bank."[11]

20         40.     As further evidence that Bill Me Later is not merely a loan servicing company, its

21   executive team comes with deep roots in the credit card lending industry.  The chief executive

22   officer of Bill Me Later, Gary Marino, had an extensive background in the lending industry before

23   founding Bill Me Later, which made a huge investment in its proprietary lending model.  Mr.

24   Marino spent fifteen years at Citibank, rising to chief credit officer, and then left in 1996 to run the

25   credit and marketing operations at First USA, which was purchased by Bank One the next year.

26   By 2000, Mr. Marino had helped boost its receivables to $70 billion.  Mr. Marino left that year to

27

28         [11]   Pearl Chin, *Payday Loans: The Case for Federal Legislation*, 2004 U. of Ill. L. Rev. 723, 734.

010133-12 370032 V1                            - 10 -
                                        CLASS ACTION COMPLAINT

1   start Bill Me Later and secured $100 million in venture capital to develop Bill Me Later's complex

2   and proprietary lending model.

3       41.     An article from Forbes confirms that:

> Bill Me Later's push-button simplicity masks layers of hard-core
> engineering. When a shopper clicks the Bill Me Later icon for the
> first time, I4 rummages through 30 million pieces of data in 11
> public databases used by credit bureaus and utilities. I4 cross-checks
> your Social Security digits and birth date against the usual credit data
> as well as esoterica such as know fraudulent addresses and bank
> accounts. After I4 scrubs the data of duplication and error, it adds
> the new shopper to its databases. . . . Every subsequent purchase
> triggers I4's software to use complex mathematical techniques such
> as fuzzy logic and regression analysis to decide if a shopper is who
> he says he is, and how likely he is to pay his bills. All this happens
> in less than three seconds . . . [I4's] systems have to be
> extraordinarily precise to make a smart lending decision in less time
> than it takes to swipe a credit card.[12]

11      42.     I4Commerce, Inc. ("I4") has since taken the name of its flagship product and is

known as Bill Me Later.[13] Thus, this is further evidence that Bill Me Later is the true lender, as it

is the entity that performs the credit check and approval for the prospective consumers of its online

transactional credit.

16      43.     Indeed, in the Frequently Asked Questions section of its website, Bill Me Later

acknowledges that it is the entity that reviews the credit of consumer applicants:

> Bill Me Later will review your credit report prior to opening your
> account. You must provide us permission to review your credit
> report when completing your request to become a Bill Me Later
> customer. Bill Me Later is a credit account that you can use to make
> purchases. Bill Me Later will review the current status of your
> account each time you make a purchase but your full credit report is
> not reviewed for every Bill Me Later purchase. . . . Bill Me Later
> does not review your credit report for each transaction. However,
> your credit report may be reviewed periodically to provide you with
> the maximum buying power possible. . . . We do re-evaluate this
> regularly. As you establish a good payment record with Bill Me
> Later, you will have greater chances of being approved for each
> purchase you attempt.[14]

---

[12]   Erika Brown, *Technology: Credit Card Killer*, Forbes.com, Dec. 11, 2006, http://www.forbes.com/forbes/
2006/1211/068_2.html (last visited May 18, 2010).

[13]   Scott Dance, *I4Commerce changes name to Bill Me Later*, Baltimore Business Journal, Aug. 16, 2007,
http://www.bizjournals.com/baltimore/stories/2007/08/13/daily33.html (last visited May 18, 2010).

[14]   Bill Me Later Frequently Asked Questions (2009), https://www.billmelater.com/help/index.xhtml.

010133-12 370832 V1                          - 11 -

                                   CLASS ACTION COMPLAINT

44.     This acknowledgement contradicts Bill Me Later's superficial and economically hollow effort in its Terms and Conditions to suggest that CIT Bank is the party responsible for providing credit checks.  In the Terms and Conditions, Bill Me Later defines CIT Bank as "the Lender" and then goes on to state that the consumer must "authorize the Lender to review your credit report" and that the "Lender may obtain a report from a consumer credit reporting agency in connection with this application and/or for any updates, renewals, extensions or credit on this Account."[15]  In actuality, Bill Me Later performs the credit checks as described above.  Even CIT Bank recognizes that "Bill Me Later does a quick credit review, processed behind the scenes."[16]

45.     Bill Me Later also makes the decision whether to adjust its loan portfolio based on the results of the credit analysis it conducts.  During eBay's quarterly earnings conference call on April 22, 2009, eBay's Chief Financial Officer and Senior Vice President of Finance, Robert H. Swan ("CFO"), stated:

> On the first one on Bill Me Later, the primary decline is in the loan portfolio balance at the end of the period so that the full 90 days is not really a driver.  But the decline in the loan portfolio or the balance at the end of the period is primarily driven by two things.  One is just seasonality.  Fourth quarter is a higher quarter for Bill Me Later and then those consumers pay off their balances in a relatively timely manner so Q4 to Q1 seasonality with Bill Me Later is all else equal, going to be coming down.  And *secondly and probably more importantly is our credit decision you mentioned in that our collective desire and the team's ability with their decision you mentioned to in tough economic times and tough credit environments with high unemployment, they have the ability in their model to be tighter in their decisioning and we did that during the course of the quarter and as a result we took on lower balances consciously as we tried to manage the dynamics between both growth and risk management.*[17]

46.     Similarly, during a quarterly earnings conference call that took place on July 22, 2009, eBay's CFO again demonstrated that Bill Me Later is the entity to decide whether to make the loans to consumers:

---

[15]   Bill Me Later, Terms and Conditions of the Bill Me Later Payment System (2009), https://www.securecheck out.billmelater.com/paycapture-content/fetch?hash=PD4106KD& content=bmlweb/bmlwebtnc.html.

[16]   CIT Group, Products and Services: bill-me-later, *CIT Bank Helps Make Shopping on the Internet Easy, Quick and Secure with "Bill Me Later"* (2009), http://www.cit.com/products-and-services/cit-bank/bill-me-later/index.htm (last visited May 18, 2010).

[17]   Seeking Alpha, eBay Q1 2009 Earnings Call Transcript, Apr. 22, 2009, http://seekingalpha.com/article/132454-ebay-inc-q1-2009-earnings-call-transcript?page=-1 (last visited May 18, 2010).

010133-12 370932 V1

- 12 -

CLASS ACTION COMPLAINT

1    Let me touch on a few key operating metrics from Bill Me Later.
     Bill Me Later's gross receivable balance at quarter end was $553
2    million. *We continue to be cautious in our credit approval process
     in order to manage the quality of new receivables we under-write,*
3    which we believe is the right trade-off in the current environment.[18]

4    47.    And in its 10-Q dated April 28, 2009, eBay further stated:

5          The Bill Me Later service is offered to a wide range of consumers,
           and the profitability of this business *depends on our ability to*
6          *manage credit risk* while attracting new consumers with profitable
           usage patterns. *Bill Me Later approves loans using proprietary*
7          *segmentation and credit scoring algorithms and other analytical*
           *techniques designed to analyze the credit risk of the specific*
8          *transaction.* These algorithms and techniques may not accurately
           predict the creditworthiness of a consumer due to, among other
9          factors, inaccurate assumptions about a particular consumer or the
           economic environment. Bill Me Later may also incorrectly interpret
10         the data produced by these algorithms *in setting its credit policies.*[19]

11   48.    It makes sense that Bill Me Later would be the entity to perform the credit analysis

12   and make the loan decisions because, in addition to servicing the accounts, *Bill Me Later bears the*

13   *risk of loss associated with the loans.*  Bill Me Later's Terms and Conditions state that the

14   consumer accounts are "operated and serviced by Bill Me Later" and that "Bill Me Later Inc. will

15   become the company to which you will owe the amounts due on your account."[20]

16   49.    An article on CNNMoney.com explains that Bill Me Later "runs a credit check to

17   gauge the credit-worthiness of the customer, then uses CIT Bank (CIT, Fortune 500) bank to

18   finance online consumer purchases. *Then Bill Me Later buys the loan from CIT* and charges the

19   customer 20% interest on the balance of the loan."[21]  There is no economic substance to this

20   relationship.  It is a pure "round-trip" transaction, similar to money laundering.

21   50.    Likewise, in its 10-Q dated April 28, 2009, eBay acknowledged that:

22         *Bill Me Later is neither a chartered financial institution nor is it*
           *licensed to make loans in any state.*  Accordingly, Bill Me Later

23

24   [18]  Seeking Alpha, eBay Q2 2009 Earnings Call Transcript (Jul. 22, 2009), http://seekingalpha.com/
     article/150628-ebay-q2-2009-earnings-call-transcript?page=~1 (last visited May 18, 2010).

25   [19]  EBay Inc., Quarterly Report (Form 10-Q), at 40-41, (Apr. 28, 2009).

26   [20]  Bill Me Later, Terms and Conditions of the Bill Me Later Payment System (2009), https://www.secure
     checkout.billmelater.com/paycapture-content/fetch?hash=PD4106KD& content=bmlweb/bmlwebtnc.html (last visited
27   May 18, 2010).

     [21]  Scott Moritz, *EBay to lend buyers a hand*, CNNMoney.com, Oct. 6, 2008, http://money.cnn.com/2008/
28   10/06/technology/ebay-bill-me.fortune/index.htm (last visited May 18, 2010).

010133-12 370032 V1

CLASS ACTION COMPLAINT

relies on CIT Bank to extend credit to Bill Me Later customers in order to offer the Bill Me Later service. When a consumer makes a purchase using the Bill Me Later service, CIT Bank funds the consumer loan at the point of sale and advances funds to the merchant. *Bill Me Later then purchases the receivable related to the consumer loan extended by CIT Bank. Although CIT Bank continues to own each customer account, Bill Me Later owns the related receivable and is responsible for all servicing functions related to the account.* . . . We currently fund the purchase of receivables related to Bill Me Later accounts through free cash flow generated from our portfolio of businesses and from our existing line of credit.[22]

Thus, Bill Me Later exerts ownership and control over these loans, for which it is the sole and immediate purchaser of the accounts receivable. Stated differently, Defendants are the entities that are legally responsible for ensuring the consumer loan is funded. This is demonstrated by, in part, the fact that Defendants have structured a prearranged agreement with CIT Bank where Defendants make the loan approval decisions and are then also obligated to reimburse CIT Bank the entire amount of money CIT Bank briefly advances to the merchants on behalf of Bill Me Later.

51.     And in its 10-Q eBay further acknowledged that it carries all of the risks associated with these loans:

As of March 31, 2009, Bill Me Later had an aggregate consumer loan portfolio of approximately $507.6 million. Like other businesses with significant exposure to losses from consumer loans, the Bill Me Later service faces the risk that account holders will default on their payment obligations, resulting in accounts becoming uncollectible, and the risk of potential charge-offs related to the loan portfolio.[23]

Moreover, eBay's independently audited financial statements, like this one, recognize that these consumer loans are assets of Bill Me Later. Once again, there is no economic substance to this relationship, as Bill Me Later owns both the account liabilities and receivables – it is tantamount to laundering money but instead Bill Me Later is "loan laundering."

52.     Bill Me Later makes a hollow representation that its open-end instant credit plan is offered through CIT Bank. However, Bill Me Later is the true lender of the consumer loans because it: is the sole entity to interface with the consumers, owns and controls the branding of the loans which are available only through its credit software engine, provides the online loan

---

[22]   EBay Inc., Quarterly Report (Form 10-Q), at 40 (Apr. 28, 2009).
[23]   *Id.* at 41.

1   applications for consumers, accepts the online loan applications from consumers, reviews the credit

2   of consumer applicants, decides whether to make the loans, is the entity to extend the credit to

3   consumers, services the accounts, accepts loan payments from consumers, bears the financial risk

4   of loss for these loans in the event of a consumer default, claims the consumer loans as assets in its

5   independently audited financial statements, and sets the late fees and interest rates about which

6   Plaintiff and the classes complain.  CIT Bank is not the lender, and instead Bill Me Later uses

7   CIT's bank charter for purposes of avoiding California laws limiting excessive late fees and

8   usurious interest rates.

9        53.    An article in Forbes explains that prior to CIT Bank's involvement in Bill Me

10   Later's scheme, it used JPmorgan Chase "to underwrite [its] credit risk.  That let Bill Me Later

11   customers carry a balance at a credit-card-like 18% annual rate.  In turn, [Bill Me Later] pa[id]

12   JPmorgan the prime rate plus a few basis points on these balances."[24]

13        54.    This scheme is similar to that used by some unlawful payday lenders, known as

14   "rent-a-charter" or "rent-a-bank" whereby:

15       [P]ayday lenders make their loans through the nominal auspices of
         out-of-state banks, which are exempted from state usury laws.  In a
16       typical charter-renting scheme, the payday lender markets the loans,
         accepts applications, interacts with customers, and retains the
17       predominant economic interest in the transaction. . . . While the
         scheme rests on the payday lender's claim to be acting as a mere
18       'agent' for the out-of-state bank, the payday lender is the de facto
         lender.  The bank's economic interest in the loan is generally limited
19       to the fee it receives from the payday lender for the use of its charter.
         Rent-a-charter has been widely criticized by state and federal
20       regulators . . . .[25]

21        55.    Indeed, eBay describes in a recent 10-Q that:

22       Our Bill Me Later service is similarly subject to a variety of laws and
         regulations.  Although Bill Me Later does not originate loans, *one or
23       more jurisdictions may conclude that Bill Me Later is a lender* or
         money transmitter or loan broker, which could subject us to liability
24       or regulation in one or more jurisdictions.  Additionally, federal

25
26   [24]   Erika Brown, Technology:  *Credit Card Killer*, Forbes.com, Dec. 11, 2006, http://www.forbes.com/forbes/
     2006/1211/068_2.html (last visited May 18, 2010); Bill Me Later, About Bill Me Later:  The Product (2009),
     https://www.billmelater.com/about/index.xhtml?s_kwcid=billmelater (last visited May 18, 2010).

27   [25]   Ellen Harnick, Center for Responsible Lending Policy Analysis, *Georgia's Payday Loan Law:  A Model for
     Preventing Predatory Payday Lending*, June 2006, http://www.responsiblelending.org/payday-lending/policy-
28   legislation/states/pa-GeorgiaPayday-0606.pdf (last visited May 18, 2010).

010133-12 370492 V1                            - 15 -

1
2
3

regulators could mandate changes to the relationship between Bill
Me Later and CIT Bank, the financial institution that Bill Me Later
relies on to extend credit to customers with the Bill Me Later service.
Any adverse changes in this relationship could negatively impact Bill
Me Later's ability to continue operating its business as currently
conducted.[26]

4
5
6
7
8
9

56.     Bill Me Later is responsible for, exerts control over, and indeed sets the terms of the

loans offered to consumers.  The terms of these loans violate the provisions of Civil Code section

1671 because the excessive late fees set and charged by Bill Me Later bear no reasonable

relationship to the range of actual damages incurred by Bill Me Later and are instead unlawful and

unfair penalties:[27]

10
11
12
13
14
15

|                    | If the balance is: | The late fee is: |
|--------------------|--------------------|------------------|
|                    | Under $5.00        | $0.00            |
|                    | $5.00 to $19.99    | $5.00            |
| Fee for paying late| $20.00 to $149.99  | $19.00           |
|                    | $150.00 to $249.99 | $29.00           |
|                    | Over $249.99       | $39.00           |

16
17
18
19
20

57.     Bill Me Later is responsible for, exerts control over, and indeed sets the terms of the

loans offered to consumers.  The terms of these loans violate the provisions of Section 1 of Article

XV of the California Constitution because these loans bear usurious rates: the annual percentage

interest rate set and charged by Bill Me Later is 19.99% – far in excess of the 10% permitted by the

California Constitution.[28]  As detailed in a Wall Street Journal article:

21
22
23

If you don't pay in full within 30 days, you'll face 19.9% interest on
the amount owed.  Additionally, there are tiered fees, which vary
depending on the total balance owed. . . .  Bill Me Later tends to
draw consumers with higher credit profiles and that approximately

24
25
26
27
28

[26]   EBay Inc., Quarterly Report (Form 10-Q), at 36 (Apr. 28, 2009).

[27]   Bill Me Later, Terms and Conditions of the Bill Me Later Payment System (2009), https://www.secure
checkout.billmelater.com/paycapture-content/fetch?hash=PD4106KD& content=bmlweb/bmlwebtnc.html (last visited
May 18, 2010).

[28]   Id.

010133-12 370032 V1

- 16 -

>   65% of the site's customers pay on time and in full. But 35% do
>   not . . . .[29]

In fact, when the tiered late fees are included, the imputed APR can exceed 100%.

58.     Bill Me Later first approved a loan for Plaintiff in or about October 2008 to finance

a $1,068.08 computer purchase from Cyberpower Inc. Plaintiff's initial stated annual percentage

rate was 19.99%. On subsequent monthly bills, Bill Me Later imposed more than one thirty-nine

dollar ($39) late penalty fee, which is far in excess of the actual damages Plaintiff caused Bill Me

Later by his late payment.

59.     In addition, if one were to compute the assessed late penalty fee as an annual

percentage rate, Plaintiff has been charged more than a 70% annual interest rate during his monthly

billing cycles. Had Defendants fully informed Plaintiff that the interest rates and penalty fees

violated state law, or if Defendants had fully disclosed their scheme to attempt to avoid state law,

Plaintiff would not have used Bill Me Later's services.

60.     Plaintiff's experience is typical of Bill Me Later's illegal practices. For example,

one consumer complains:

>   While ordering books online for $40.87, I was invited to open a
>   BillMeLater account, which I did, wanting to know how it worked; I
>   paid $20.07 for the first billing cycle. I forgot the due date of the
>   second billing cycle, since it's not part of my regular bills. On a
>   balance of $20.87, I was charged a late fee of $19.00, plus $2 finance
>   charge. On their website, my statement shows an *ANNUAL
>   PERCENTAGE RATE OF 115% !!!* I am charged a daily fee of
>   $0.35. I wanted to pay my total remaining balance, & immediately
>   cancel my account. Their system did not allow me to do that: I had
>   to do it on two different days; in the meantime, of course, they are
>   charging more money. This is pure usury; these companies should
>   not be allowed to be in business; they should be sued, made to
>   reimburse their exorbitant fees, terminated, and closed.[30]

61.     Another consumer complains: "They are charging *annual percentage rate of

104.35%*[.] Isn't this against the law?"[31]

---

[29]   Mary Pilan, *Bill Me Later Can Ding Your Credit Score Now*, WSJ Blogs The Wallet, Dec. 9, 2008,
http://blogs.wsj.com/wallet/2008/12/09/bill-me-later-can-ding-your-credit-score-now/ (last visited May 18, 2010).

[30]   *See* RipoffReport.com, Report: BillMeLater, http://www.ripoffreport.com/Credit-Debt-Services/BillMeLater/
billmelater-stay-away-from-bil-eq8f2.htm (last visited May 18, 2010).

[31]   *See* Complaints.com, *Bill Me Later – Don't Use them!*, Nov. 7, 2009, http://www.complaintsboard.com
/complaints/bill-me-later-c124715/page/1.html (last visited May 18, 2010).

1        62.    Another consumer posting states: "I had problems with them also. First of all no

2    billing statements, then finally after four or five months you get one, with late fees and finance

3    charges out the wazoo. Did you ever notice the *42.74% annual percentage rate*. Is this legal?"[32]

4        63.    Another consumer posting states: "And *my interest rate is 64.83%!!!* MY

5    EXPERIENCE WITH BILL ME LATER WAS ABSOLUTELY TERRIBLE. IT IS A SCAM

6    AND A RIP OFF. My $45 flower purchase became a practically $200 flower purchase and a huge

7    headache."[33]

8        64.    Another consumer complains: "Late with a payment for a 46.00 balance and was

9    charged additionally 19.00 plus 2.00 'finance charge.' Made online account to pay 21.00 balance

10   and they show I owe 31.00? (46.20 check sent late has been cashed). Get this: *'Annual*

11   *percentage rate for this billing cycle: 51.95%.'*"[34]

12       65.    Another consumer complains:

13         [I] used BML one time for a christmas purchase this year. i thought
     it seemed interesting, so i wanted to try it. my purchase was under
14         $30. they sent me a bill online. i could not figure out how to log in
     to the website to pay it, and i kept putting it off. it ended up being
15         late because i forgot about it (my fault, i know). so, when i finally
     figured out how to log in to the site, they were *charging me 95%*
16         *APR!!!!!!!!!!!!!!!! OH* MY GOD, ARE YOU KIDDING ME? so,
     i ended up having to pay over 45 bucks for the thing. i couldn't
17         believe it. obviously, it was my fault that the payment was late, BUT
     it should be ILLEGAL to charge someone that much in interest.[35]

18
         66.    Similarly, another Bill Me Later customer states:
19
20         Then at the beginning of August I got a bill from them forwarded
     from our old address through the post office forwarding we set up.
     The bill was dated July 7 with a due date of August 1. I got this well
21         after August 1. They never changed our address. It showed a
     balance of $13.00 for a $9.00 late fee and two $2.00 finance charges,
22         with *this bill showing an APR of (I am not kidding or exaggerating*

23

24   ―――――――――――――――――――――――――――――――――――――

25     [32]  *See* ComplaintsBoard.com, *Bill Me Later Complaints – late fees, fiance charges, missing bills,* Nov. 16, 2008,
     http://www.complaintsboard.com/complaints/bill-me-later-c124715/page/1.html (last visited May 18, 2010).

26     [33]  *See, e.g., id.*

       [34]  *See* Bloomberg Businessweek: The Tech Beat, *Quickie Reader Survey: Have you used "Bill Me Later?",*
27   Dec. 29, 2005, http://www.businessweek.com/the_thread/techbeat/archives/2005/12/quickie_reader_survey_have_
     you_used_bill_me_later.html (last visited May 18, 2010).

28     [35]  *Id.*

*here) 116.67%.* My husband had received a similar bill, after not receiving bills for something with over 76% APR.[36]

67.    A consumer posting also complains: *"The APR on my December statement was 19.99%; it rose to 23.34% on my January statement, and this month it is a whopping 41.44%!"*[37]

68.    Another consumer states:

Last November I purchased several books on Amazon with a gift certificate. The total was $15.63 over the amount of my gift cert. and I was offered a Bill Me Later option which I assumed was part of Amazon. I received the bill in the mail after the stated due date, so I paid the $15.63 I owed. Ever since I have been receiving bills from them with late fees and *annual percentage rates up to 180%.* The latest bill is $150.00. On what planet would someone pay that amount on a $15 bill?[38]

69.    Another consumer posting notes: "Here's the kicker.... THEY HAVE TWO *ANNUAL PERCENTAGE RATES DEPENDING ON HOW YOUR BALANCE IS CALCULATED. One is 19.99% and THE OTHER IS 102.70%!"*[39]

70.    And another customer of Bill Me Later complains: "There is a place on this statement in front of me that says their *ANNUAL PERCENTAGE RATE for this billing cycle is 104.39%.* No one, for anything, should charge an APR 104.39%. Further, adding on late fees in excess of the original debt is absurd."[40]

### VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (AGAINST ALL DEFENDANTS)

71.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

---

[36] *See* Complaints.com, *www.bill-me-later.com*, Sept. 14, 2006, http://www.complaints.com/2006/september/14/www.bill-me-later.com_157.htm (last visited May 18, 2010).

[37] *See* Defendyourdollars.org, *Bill Me Later might mean Pay Up Much More Later*, Oct. 20, 2008, http://www.defendyourdollars.org/2008/10/bill_me_later_might_mean_pay_u.html (last visited May 18, 2010).

[38] *See* my3cents.com, *Bill Me Later SCAM according to Amazon – online credit*, Aug. 17, 2009, http://www.my3cents.com/showReview.cgi?id=60847 (last visited May 18, 2010).

[39] *See* ComplaintsBoard.com, *Bill Me Later Complaints – Bill me later system sucks!*, Mar. 13, 2008, http://www.complaintsboard.com/complaints/bill-me-later-c2757.html (last visited May 18, 2010).

[40] *See* Consumeraffairs.com, *Bill Me Later*, June 17, 2009, http://www.consumeraffairs.com/credit_cards/bill_me_later.html (last visited May 18, 2010).

72.     The contracts between Defendants and Plaintiff and the Plaintiff Classes are consumer contracts, i.e., contracts for the "retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes." Cal. Civ. Code § 1671(c)(1).

73.     Accordingly, the clause by which Defendants collect their excessive late fees from Plaintiff and the Plaintiff classes are "void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Cal. Civ. Code § 1671(d).

74.     The late fees Defendants include in their consumer contracts are void under California Civil Code section 1671, subdivision (d) because it is neither impracticable nor extremely difficult to ascertain the actual damage, if any, that Defendants sustain as the result of late payment of invoices by consumers; it is contained in a contract of adhesion; and the primary motivation for and effect of the charge is to earn additional profits for, and not to compensate, Defendants.

WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT

## (AGAINST ALL DEFENDANTS)

75.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this paragraph.

76.     The above-described conduct of Defendants violates the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.*, by:

(a)     Passing off goods or services as those of another (Cal. Civ. Code § 1770(a)(1));

(b)     Misrepresenting the source, sponsorship, approval, or certification of goods or services (Cal. Civ. Code § 1770(a)(2));

1        (c)    Misrepresenting the affiliation, connection, or association with, or

2    certification by, another (Cal. Civ. Code § 1770(a)(3));

3        (d)    Representing that goods or services have sponsorship, approval,

4    characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has

5    a sponsorship, approval, status, affiliation, or connection which he or she does not have (Cal. Civ.

6    Code § 1770(a)(5));

7        (e)    Representing that goods or services are of a particular standard, quality, or

8    grade, or that goods are of a particular style or model, if they are of another (Cal. Civ. Code

9    § 1770(a)(7));

10       (f)    Advertising goods or services with intent not to sell them as advertised (Cal.

11   Civ. Code § 1770(a)(9));

12       (g)    Representing that a transaction confers or involves rights, remedies, or

13   obligations which it does not have or involve, or which are prohibited by law (Cal. Civ. Code

14   § 1770(a)(14)); and

15       (h)    Inserting an unconscionable provision in the contract (Cal. Civ. Code

16   § 1770(a)(19)).

17       77.    Pursuant to California Civil Code section 1780, subdivision (a), Plaintiff seeks an

18   order enjoining Defendants from engaging in the methods, acts, or practices alleged herein.

19   Pursuant to California Civil Code section 1782, if Defendants do not rectify its illegal acts, Plaintiff

20   intends to amend this complaint request the following relief:  a) actual damages; b) restitution of

21   money to Plaintiff and class members; c) punitive damages; d) attorneys' fees and costs; and e)

22   other relief that this Court deems proper.

23       WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

24       **THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA
    CONSTITUTION**

25

26       **(AGAINST ALL DEFENDANTS)**

27       78.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth in this

28   paragraph.

010133-12 370832 V1

1    79.    Defendants have violated Section 1 of Article XV of the California Constitution,

2    California's usury law.

3    80.    The transactions at issue are loans or forbearances within the meaning of Section 1

4    of Article XV of the Constitution.

5    81.    The interest charged by Bill Me Later is unlawful because it exceeds the statutory

6    maximum of 10% for any loan or forbearance of any money, goods, or things in action, where the

7    money, goods, or things in action are for use primarily for personal, family, or household purposes

8    within the meaning of Section 1 of Article XV of the Constitution, subdivision (1).

9    82.    The said loans and interest thereon are absolutely repayable to Bill Me Later.

10   83.    Bill Me Later has a willful intent to enter into a usurious transaction in that the

11   conscious and voluntary taking of more than the legal rate of interest constitutes usury and the only

12   intent necessary on the part of the lender is to take the amount of interest which it receives.

13   WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

14   **FOURTH CAUSE OF ACTION IN VIOLATION OF BUSINESS AND PROFESSIONS
     CODE SECTIONS 17200, *ET SEQ.***

15   **(AGAINST ALL DEFENDANTS)**

16   84.    The preceding paragraphs of this Complaint are realleged and incorporated by

17   reference and asserted against Defendants Bill Me Later and eBay.

18   85.    California Business and Professions Code section 17200 prohibits any "unlawful,

19   unfair, or fraudulent business act or practices." Defendants have engaged in unlawful and unfair

20   business acts and practices in violation of section 17200.

21   86.    Defendants have violated the unlawful prong of section 17200 because Defendants

22   have violated Civil Code section 1671 by the acts and practices set forth in this Complaint.

23   87.    The late fees charged by Bill Me Later are in conjunction with consumer loans for

24   the retail purchase, or rental, of personal property or services primarily for the personal, family, or

25   household purposes within the meaning of Civil Code section 1671, subdivision (c)(1).

26

27

28

010133-12  370432 V1

- 22 -

CLASS ACTION COMPLAINT

1    88.    The late fees charged by Bill Me Later are unlawful under Civil Code section 1671,

2    subdivision (d) because they amount to penalties far in excess of and without reasonable

3    relationship to the amount of damages sustained by Bill Me Later as a result of late payments.

4    89.    Defendants have violated California's Consumers Legal remedies Act, Cal. Civ.

5    Code sections 1750, *et seq.*, by the acts and practices set forth in this Complaint.

6    90.    Defendants have violated the unlawful prong of section 17200 because Defendants

7    have violated Section 1 of Article XV of the California Constitution, California's usury law, by the

8    acts and practices set forth in this Complaint.

9    91.    The transactions at issue are loans or forbearances within the meaning of Section 1

10   of Article XV of the Constitution.

11   92.    The interest charged by Bill Me Later is unlawful because it exceeds the statutory

12   maximum of 10% for any loan or forbearance of any money, goods, or things in action, where the

13   money, goods, or things in action are for use primarily for personal, family, or household purposes

14   within the meaning of Section 1 of Article XV of the Constitution, subdivision (1).

15   93.    The said loans and interest thereon are absolutely repayable to Bill Me Later.

16   94.    Defendants have a willful intent to enter into a usurious transaction in that the

17   conscious and voluntary taking of more than the legal rate of interest constitutes usury and the only

18   intent necessary on the part of the lender is to take the amount of interest which it receives.

19   95.    Defendants have violated the unfair prong of section 17200 because the acts and

20   practices set forth in the Complaint offend established public policy, and because the harm they

21   cause to consumers in California greatly outweighs any benefits associated with those practices.

22   WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

23   **FIFTH CAUSE OF ACTION FOR AIDING AND ABETTING**

24   **(AGAINST EBAY)**

25   96.    The preceding paragraphs of this Complaint are realleged and incorporated by

26   reference and asserted against Defendant eBay.

27   97.    EBay has aided and abetted Bill Me Later in violating California's consumer-

28   protection laws and California's constitution to the detriment of Plaintiff and the Classes.

010133-12  370632 V1

1      98.    EBay has so acted with knowledge of the unlawful purpose of Bill Me Later to

2 avoid California's consumer-protection laws, thereby causing injury to consumers and competitors.

3      99.    EBay has acted with the intent or purpose of encouraging or facilitating the

4 violations of California's consumer-protection laws and the California constitution.

5      100.    EBay has provided financial support, which aids, promotes, encourages Bill Me

6 Later to implement and continue to unlawfully charge contractual penalties and usurious interest

7 rates.

8      WHEREFORE, Plaintiff prays for judgment and relief as set forth below.

9          **VIII.  PRAYER FOR RELIEF**

10      Plaintiff and the Classes pray for judgment against Defendants as follows:

11      A.    An order by which the Court enjoins Defendants from performing or proposing to

12 perform or aiding and abetting any acts of unfair competition in California;

13      B.    A restitution order requiring that Defendants restore to California borrowers all

14 funds improperly received by Defendants;

15      C.    An order rescinding all loan contracts between California borrowers and any

16 Defendant made in violation of California law;

17      D.    An order by which the Court requires Defendants to cooperate fully to remove all

18 adverse information related to loan contracts made in violation of California law from the credit

19 reports of consumers harmed by Defendants' unfair practices;

20      E.    An order requiring that defendant pay damages equal to three times the interest paid

21 by Plaintiff and the Classes;

22      F.    A declaration that all future interest to be charged on loan contracts to Plaintiff and

23 the Classes is void and contrary to both law and the California constitution;

24      G.    Punitive damages;

25      H.    Costs of suit;

26      I.    Both pre- and post-judgment interest on any amounts awarded;

27      J.    Payment of reasonable attorneys' fees as required under California Civil Procedure

28 Code section 1021.5; and

010133-12 370032 V1

CLASS ACTION COMPLAINT

K.     For such further and additional relief as the Court deems proper.

### IX.     DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: May 21, 2010

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____

JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff

 ORIGINAL

5/21/2010          213-623-7527 · ACE ATTORNEY SERVICE · BY FAX          Page 1 of 2

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeff D. Friedman, SB# 173886<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 | **FILED**<br>Los Angeles Superior Court<br><br>**MAY 21 2010**<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>DOROTHY SWAIN |

TELEPHONE NO.: (510) 725-3000   FAX NO.: (510) 725-3001
ATTORNEY FOR *(Name):* Kyle Sawyer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:
Kyle Sawyer v. Bill Me Later, Inc., EBay Inc., PayPal, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC438153 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 21, 2010
Jeff D. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



ORIGINAL

| SHORT TITLE: Sawyer v. Bill Me Later, Inc., et al. | CASE NUMBER BC438153 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column **C** below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE:                                | CASE NUMBER: |
|---------------------------------------------|--------------|
| Sawyer v. Bill Me Later, Inc., et al.       |              |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)                    **CIVIL CASE COVER SHEET ADDENDUM**                    LASC, rule 2.0
LASC Approved 03-04                       **AND STATEMENT OF LOCATION**                         Page 2 of 4

 

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Sawyer v. Bill Me Later, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



| SHORT TITLE:<br>Sawyer v. Bill Me Later, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>20705 Osage  Avenue, Apt. 3 |
|---|---|
| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90503 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the SUPERIOR_____courthouse in the CENTRAL_____District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 21, 2010_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 01/07)          **CIVIL CASE COVER SHEET ADDENDUM**          LASC, rule 2.0
LASC Approved 03-04                **AND STATEMENT OF LOCATION**                Page 4 of 4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 4461 SJO (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KYLE SAWYER, Individually and on behalf of all others similarly situated

**DEFENDANTS**
BILL ME LATER, INC., EBAY INC., PAYPAL, INC., and DOES 1-100

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeff D. Friedman (173886); Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP, 715 Hearst Ave., Suite 202
Berkeley, CA 94710 - Telephone: (510) 725-3000

Attorneys (If Known)
Thomas P. Brown (S.B. #182916); Randall W. Edwards (S.B. #179053)
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Fl.
San Francisco, CA 94111-3923 - Telephone: (415) 984-8700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** exceeds $25,000 dollars

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1446 and 1453 - This is a putative class action "brought in a State court of which the district courts of the United States have original jurisdiction."

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10   4461**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff, Kyle Sawyer, Resides in Torrance, California, County of Los Angeles. | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendants eBay Inc. and PayPal, Inc.'s headquarters are in San Jose, California, County of Santa Clara. | Defendant Bill Me Later's headquarters are in Timonium, Maryland. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Utah |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 16, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2