1  THOMAS P. BROWN (S.B. #182916)
   tbrown@omm.com
2  RANDALL W. EDWARDS (S.B. #179053)
   redwards@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, CA  94111-3823
   Telephone:  (415) 984-8700
5  Facsimile:   (415) 984-8701

6  Attorneys for Defendants
   Bill Me Later, Inc., eBay Inc., and PayPal, Inc.
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **WESTERN DIVISION**

11

12  KYLE SAWYER, Individually and
    on behalf of all others similarly
13  situated,

14              Plaintiff,

15       v.

16  BILL ME LATER, INC., EBAY
    INC., PAYPAL, INC., and DOES 1-
17  100,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

Case No.  CV-10-4461 SJO (JCGx)

**DECLARATION OF BRYNLY R.
LLYR IN SUPPORT OF EBAY INC.,
PAYPAL, INC. AND BILL ME
LATER MOTIONS TO DISMISS
AND TRANSFER**

Hearing Date:   August 9, 2010
Time:              10:00 a.m.
Dept:              Courtroom 1, 2d Floor
Judge:            Hon. S. James Otero

Dated Filed:    May 21, 2010

DECL. OF LLYR IN SUPPORT
OF DEFENDANTS' MOTIONS
NO. CV-10-4461 SJO (JCGx)

1   I, Brynly R. Llyr, declare as follows:

2      1.      I am a member in good standing of the Bar of the State of California

3   and counsel with the law firm of O'Melveny & Myers, LLP, attorneys for

4   Defendants eBay Inc, PayPal, Inc., and Bill Me Later, Inc.  I make this declaration

5   of my own personal knowledge and, if called as a witness, would testify to the

6   matters set forth below.

7      2.      In compliance with Local Rule 7-3 and the Court's Standing Order,

8   provision 18(a), Thomas P. Brown, counsel for Defendants eBay Inc., PayPal, Inc.

9   and Bill Me Later, Inc., and I met with Plaintiff's counsel, Shana Scarlett, on June

10  18, 2010.  We met with Ms. Scarlett in Plaintiff's counsel's offices, located in

11  Berkeley, California.

12     3.      During the meet and confer, the parties discussed Defendants' motions

13  to dismiss under Rule 12(b)(6) and Defendants' motion to dismiss or transfer under

14  Rule 12(b)(3) based on a forum selection clause included in the user agreement

15  referenced in Plaintiff's complaint.

16     4.      Plaintiff Kyle Sawyer filed a similar action against eBay Inc. and Bill

17  Me Later, Inc. in the Northern District of California on January 4, 2010.

18  Defendants eBay and Bill Me Later submitted motions to dismiss in that action, and

19  those motions were fully briefed.  On May 14, 2010, before hearing on those

20  motions, the Honorable Judge White dismissed Plaintiff's action for lack of subject-

21  matter jurisdiction.

22     5.      In light of the extensive briefing in the earlier motions to dismiss, and

23  counsel for the parties' experience with each others' arguments on these issues,

24  counsel for the parties discussed only the new arguments that Defendants would

25  raise in their motions before this Court.  Defendants outlined that they would be

26  raising additional choice of law and forum selection arguments because Mr. Sawyer

27  had accepted changes to a new user agreement, effective February 22, 2010, that

28  incorporated a forum selection clause requiring that disputes be litigated in Utah.

DECL. OF LLYR IN SUPPORT
OF DEFENDANTS' MOTIONS
NO. CV-10-4461 SJO (JCGx)

The choice of law provision, requiring the application of federal law or Utah law where appropriate, was a part of the original user agreement in effect at the time of the transaction for which Mr. Sawyer complains.

6.     Plaintiff's counsel refused to dismiss the action or alternatively, to dismiss the action and refile the case in Utah. Plaintiff's counsel stated that Plaintiff would argue against the application of both the choice of law and forum selection provisions. In light of these opposing positions, counsel for the parties could not agree to a disposition apart from filing motions to dismiss with the Court.

7.     Counsel for the parties further discussed Plaintiff's theory of the case to better understand the dispute. Plaintiff's counsel explained that Plaintiff's theory focuses on the alleged illegality of the Bill Me Later program, offered through state chartered bank, CIT. Plaintiff is not, however, complaining that the Bill Me Later program failed to work as expressed by Bill Me Later and CIT. Thus, the core of this case pertains to the relationship between Bill Me Later and lending bank, CIT.

8.     To better understand Plaintiff's core allegations with respect to the CIT and Bill Me Later relationship, counsel for Defendants asked Plaintiff's counsel if there were ways to structure the relationship between Bill Me Later and CIT that would obviate the need for Plaintiff's legal challenge. Although Plaintiff's counsel stated that she was not required to proffer a legal test on this issue, and thus refused to do so, she stated that there were ways in which, from Plaintiff's perspective, the Bill Me Later and CIT program could re-structure their relationship as to avoid the alleged illegalities. As an example, Plaintiff's counsel offered that CIT could hold the loan for a longer period of time, but Plaintiff's counsel would not commit to how much time would be sufficient.

9.     Counsel for the parties could not resolve the fundamental issues in Defendants' motions to dismiss that would eliminate the need for motion practice.

10.     The parties' counsel further discussed appropriate hearing dates for the motions and concluded the meet and confer.

DECL. OF LLYR IN SUPPORT
OF DEFENDANTS' MOTIONS
NO. CV-10-4461 SJO (JCGx)

1

2      I declare under penalty of perjury under the laws of the United States and the

3  State of California that the foregoing is true and correct.  Executed on June 24,

4  2010 at San Francisco, California.

5

6

7                                            Brynly R. Llyr

8

9

10  SF1:797115

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF LLYR IN SUPPORT
OF DEFENDANTS' MOTIONS
NO. CV-10-4461 SJO (JCGx)