1   THOMAS P. BROWN (S.B. #182916)
    tbrown@omm.com
2   RANDALL W. EDWARDS (S.B. #179053)
    redwards@omm.com
3   KATHERINE ROBISON (S.B. #221556)
    krobison@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111-3823
    Telephone:   (415) 984-8700
6   Facsimile:    (415) 984-8701

7   Attorneys for Defendant
    Bill Me Later, Inc., eBay Inc.; and PayPal, Inc.
8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    WESTERN DIVISION

13

14  KYLE SAWYER, Individually and          Case No. CV-10-4461 SJO (JCGx)
    on behalf of all others similarly
15  situated,                              **PROTECTIVE ORDER CONCERNING
                                           CONFIDENTIALITY OF
16            Plaintiff,                    DOCUMENTS AND MATERIALS**

17       v.                                Judge:  Hon. S. James Otero
                                           Magistrate Judge: Hon Jay C. Gandhi
18  BILL ME LATER, INC., EBAY
    INC., PAYPAL, INC., and                **Discovery Document:  Referred to
19  DOES 1-100,                            Magistrate Judge Jay C. Gandhi**
              Defendants.
20

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 26 and the parties'
2  Stipulation Concerning Confidentiality of Documents and Materials filed
3  concurrently herewith, the following [Proposed] Protective Order Concerning
4  Confidentiality of Documents and Materials ("Order") shall govern the disclosure
5  of Confidential Information and limit the use of such information produced in
6  discovery in this action, as hereinafter provided:

7  1.    Scope.

8          (a)    All documents and information furnished by a party in conjunction
9  with this litigation which contain or are derived from trade secrets or other
10  confidential research, development, or commercial information of current
11  commercial value ("Confidential Information") may be designated
12  CONFIDENTIAL by said party and furnished to the other parties pursuant to the
13  terms of this Order.  The party receiving designated Confidential Information shall
14  treat it as proprietary information and shall not use or disclose the information
15  except for the purposes set forth in this Order or by such orders as may be issued by
16  the Court during the course of this litigation.  In addition, this Order shall apply to
17  third-parties who provide discovery, by deposition or the production of documents
18  or otherwise, in this litigation.

19          All documents and information described in Paragraph 1(a) as Confidential
20  Information and which a party believes to be of a highly commercially sensitive
21  nature, such as certain documents or information reflecting, containing or derived
22  from current confidential trade secret, research, development, pricing, production,
23  cost, marketing or customer information whose disclosure could create an
24  unreasonable risk of commercial or competitive harm ("Highly Confidential
25  Information") may be designated HIGHLY CONFIDENTIAL by said party and
26  furnished to the other parties pursuant to the terms of this Order.

27          A party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL
28  information contained in documents that are in the possession of a third party if the

1   documents contain the party's Confidential or Highly Confidential information.

2   The provisions of this Order extend to all designated Confidential or Highly

3   Confidential Information produced in discovery in this action or actions.  When an

4   electronic document produced in native format includes a designation of

5   CONFIDENTIAL or HIGHLY CONFIDENTIAL in the filename, the parties must

6   treat the entire document according to that confidentiality designation.

7          In addition to documents designated as CONFIDENTIAL or HIGHLY

8   CONFIDENTIAL under this Order, the parties understand that some otherwise

9   relevant documents may be subject to a regulatory or other governmental privilege

10   that may limit a party or third party's ability to produce such documents in this

11   action.  The parties further acknowledge that to the extent relevant and responsive

12   information resides in jurisdictions other than the United States, production of such

13   information may require compliance with privacy requirements imposed by those

14   jurisdictions, including but not limited to the Privacy Directive of the European

15   Union.  Such compliance may impose significant delays on the availability of any

16   such information.

17          (b)     The parties acknowledge that this Order does not necessarily confer

18   blanket protections on all disclosures or responses to discovery and that the

19   protection it affords extends only to the limited information or items that are

20   entitled under the applicable legal principles to treatment as confidential.  The

21   parties further acknowledge that this Stipulated Order creates no entitlement to file

22   Confidential Information under seal; Local Rule 79-5.1 of the Central District of

23   California and paragraph 4 below, set forth the procedures that must be followed

24   and reflect the standards that will be applied when a party seeks permission from

25   the Court to file material under seal.

26          (c)     All documents and other materials produced in this litigation shall be

27   used for purposes of this litigation only, whether or not a producing party

28   designates such documents or materials as CONFIDENTIAL.  All documents and

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

1  other materials produced in this litigation shall not be made public in any manner

2  unless and until such document are properly filed with this Court, whether or not a

3  producing party designates such documents or materials as CONFIDENTIAL.

4  2.      Designation of Confidentiality.

5          Documents or information may be designated CONFIDENTIAL or

6  HIGHLY CONFIDENTIAL within the meaning of this Order in the following

7  ways:

8          (a)     In the case of documents and the information contained therein,

9  designation shall be made by means of the following legend placed on each page of

10  any such document: CONFIDENTIAL, or HIGHLY CONFIDENTIAL.

11         (b)     In the case of interrogatory answers, responses to requests for

12  admissions and the information contained therein, designation shall be made by

13  means of a statement in the answers or responses specifying that the answers or

14  responses or specific parts thereof are designated CONFIDENTIAL or HIGHLY

15  CONFIDENTIAL.  The following legend shall be placed on the front of any set of

16  interrogatory answers or responses to requests for admission containing

17  Confidential Information or Highly Confidential Information:  "CONTAINS

18  CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL

19  INFORMATION."

20         (c)     In the case of depositions and the information contained in depositions

21  (including exhibits), designation of the portions of the transcript (including

22  exhibits) which contain Confidential Information or Highly Confidential

23  Information shall be made by a statement to such effect on the record in the course

24  of the deposition by counsel for the party or witness producing such information, or

25  by letter from such counsel within thirty (30) days of receipt of the deposition

26  transcript or copy thereof (or written notification that the transcript is available.)

27  The entire deposition transcript (including exhibits) shall be treated as HIGHLY

28  CONFIDENTIAL under this Order until the expiration of the above-referenced

1    thirty-day period for designation by letter, except that the deponent may review the
2    transcript of his or her own deposition during this thirty-day period.  The following
3    legend shall be placed on the front of the original deposition transcript and each
4    copy of the transcript containing Confidential Information or Highly Confidential
5    Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS
6    HIGHLY CONFIDENTIAL INFORMATION."  If all or part of a videotaped
7    deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the
8    videocassette or other videotape container, or the CD or DVD, shall be labeled with
9    the legend provided for in paragraph 2(a) above.

10           (d)    To the extent that matter stored or recorded in the form of electronic or
11   magnetic media (including information, files, databases or programs stored on any
12   digital or analog machine-readable device, computers, discs, networks or tapes)
13   ("Computerized Material") is produced by any party in such form, the producing
14   party may designate such matter as CONFIDENTIAL or HIGHLY
15   CONFIDENTIAL by cover letter referring generally to such matter, as long as the
16   CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is not able to be
17   attached to the Computerized Material on an individualized document-by-document
18   or page-by-page basis.  Whenever any party to whom Computerized Material
19   designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is produced
20   reduces such material to hard-copy form, such party shall mark such hard-copy
21   form with the legend provided for in paragraph 2(a) above.

22           (e)    To the extent that any party or counsel for any party creates, develops
23   or otherwise establishes on any digital or analog machine-readable device,
24   recording media, computers, discs, networks or tapes any information, files,
25   databases or programs that contain information designated CONFIDENTIAL
26   and/or HIGHLY CONFIDENTIAL, that party and/or its counsel must take all
27   necessary steps to insure that access to that electronic or magnetic media is properly
28

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential Information.

3.     <u>Use of Confidential Information or Highly Confidential Information.</u>

Confidential Information or Highly Confidential Information shall be used by any person, other than the producing party, solely for the purpose of conducting the actions and shall in no event be used for any business, competitive, personal, private, public or other purpose.

4.     <u>Filing of Confidential Materials.</u>

The following provisions govern the treatment of Confidential Information or Highly Confidential Information submitted as a basis for adjudication of matters other than discovery motions or proceedings.  These provisions are subject to Central District of California Local Rule 79-5.1.

(a)     A party that files with the Court materials designated as Confidential Information or Highly Confidential Information shall comply with Local Rule 79-5.1.  If such information was so designated by a third party, the party submitting the motion to seal will provide the Identified Representative(s) of that third party with the Bates range of the information submitted by the means set forth in paragraph 8 below.

5.     <u>Disclosure of Confidential Information.</u>

(a)     The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated CONFIDENTIAL pursuant to this Order.

(b)     Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

(i)     counsel for the parties (including members, associates or contract attorneys of such counsel's firm), in-house litigation counsel for the parties (including contract attorneys), as well as

their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(ii)   outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

(iii)  any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 7 of this Order has been complied with;

(iv)   a director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action, provided that paragraph 7 of this Order has been complied with.

(v)    in the event litigation counsel determines in good faith that such disclosure is necessary to assist in the preparation or conduct of this litigation, (a) any person who has been noticed for deposition and whose deposition is taken, or (b) any person who has been interviewed by an attorney of record, or (c) any person whose testimony is taken or is to be taken in any proceeding before the Court in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation, provided that paragraph 7 of this Order has been complied with;

(vi)   any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is referenced, discussed, or

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

mentioned, in the material, (c) is currently employed by the producing party or, (d) was formerly employed by the producing party, but only as to the specific material to which such person had access during his/her employment;

(vii)   any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the specific confidential material sought to be disclosed to that person;

(viii)  this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(ix)    any other person to whom the party producing the Confidential Information agrees in writing or on the record in advance of the disclosure.

6.    <u>Disclosure of Highly Confidential Information.</u>

(a)    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated HIGHLY CONFIDENTIAL pursuant to this Order.

(b)    Access to information designated HIGHLY CONFIDENTIAL pursuant to this Order shall be limited to:

(i)     counsel for the parties (including members, associates or contract attorneys of such counsel's firm), in-house litigation counsel for the parties (including contract attorneys), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

(ii)   outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

(iii)  any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 7 of this Confidentiality Order has been complied with;

(iv)   in the event litigation counsel determines in good faith that such disclosure is necessary to assist in the preparation or conduct of this litigation, (a) any person who has been noticed for deposition and whose deposition is taken, or (b) any person who has been interviewed by an attorney of record, or (c) any person whose testimony is taken or is to be taken in any proceeding before the Court in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation, provided that paragraphs 6(c) and 7 of this Order has been complied with;

(v)    any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is referenced, discussed, or mentioned in the material, (c) is currently employed by the producing party, (d) was formerly employed by the producing party, but only as to specific material to which such person had access during his/her employment, or (e) was formerly employed by the producing party and is represented by the producing party's

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

1    attorneys of record in this action or the producing party is

2    paying for the person's legal representation;

3    (vi)    any person who is testifying in this matter, as to whom the

4    examining counsel has a good faith belief that the witness has

5    knowledge of the HIGHLY CONFIDENTIAL material sought

6    to be disclosed to that person, provided that paragraphs 6(c) and

7    7 of this Order has been complied with;

8    (vii)    this Court or any other Court exercising jurisdiction with respect

9    to this litigation, Court personnel, jurors, alternate jurors, and

10    qualified persons (including necessary clerical personnel)

11    recording, taking or transcribing testimony or argument at any

12    deposition, hearing, trial or appeal in this litigation; and

13    (viii)    any other person to whom the party producing the Highly

14    Confidential Information agrees in writing or on the record in

15    advance of the disclosure.

16    (c)    In order to prevent the dissemination of highly sensitive commercial

17    information which could cause irreparable harm, the party or third party wishing to

18    disclose HIGHLY CONFIDENTIAL materials to any person under paragraph

19    6(b)(iv) or 6(b)(vi) shall give at least three (3) court days' advance notice in writing

20    to the counsel who designated such information as HIGHLY CONFIDENTIAL,

21    stating the names and addresses of the person(s) to whom the disclosure will be

22    made, and identifying with particularity the documents and information to be

23    disclosed.  If the party or third party who designated such information as HIGHLY

24    CONFIDENTIAL objects to the proposed disclosure, the designating party shall

25    immediately inform the notifying party of their intent to object and file a motion

26    with the Court providing the reasons for the objection.  Such motion shall strictly

27    comply with Local Rule 37 and shall be made as soon as practicable.  If such notice

28    is provided, disclosure of the HIGHLY CONFIDENTIAL materials to the person

under paragraph 6(b)(iv)(b) will not be permissible without leave of the Court unless and until the time to file a motion with the Court under this paragraph has expired and no motion has been made.  If a party fails to provide the notice required by this provision, that party thereby forfeits their ability to disclose the HIGHLY CONFIDENTIAL materials or information as intended.

7.    Notification of Confidentiality Order.

Confidential Information and Highly Confidential Information shall not be disclosed to persons described in paragraphs 5(b)(iii)-(v), or 6(b)(iii-iv), unless and until such person has executed an Agreement of Confidentiality in substantially the same form attached hereto as Exhibit A.  The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of this litigation.

8.    Notice to Third Parties

All notices under this Order to a third party shall be provided to the Identified Representative(s) of the third party by email no later than noon on the next business day of any action triggering notice to the third party.  A third party's Identified Representative may be designated by the third party by email to each party's counsel of record.  If an Identified Representative has not been designated by the third party before the date on which the party seeks to submit that third party's Confidential or Highly Confidential information, then notice shall be provided to counsel who produced such information on behalf of the third party.

9.    Use of Confidential or Highly Confidential Material at Trial

To the extent a party seeks to use CONFIDENTIAL or HIGHLY CONFIDENTIAL material at a hearing or at trial, the question of the procedure for the use of that information shall be addressed to the judicial officer conducting the proceeding, at the appropriate time.

10.    <u>Objections to Designations.</u>

Any disputes regarding the designation of confidential information shall strictly comply with Local Rule 37.  A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may file and serve a motion, pursuant to Local Rule 37, that identifies the challenged material and sets forth in detail the basis for the challenge.  If such a motion is made, the designating party would have the burden to establish that the designation is proper.  If no such motion is made, the material will remain as designated.  Any documents or other materials that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11.    <u>Preservation of Rights and Privileges.</u>

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

12.     Return or Destruction of Materials.

        Within sixty (60) business days after the final resolution of this litigation, all Confidential Information or Highly Confidential Information shall be returned to counsel for the party that produced it or destroyed.  As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such Confidential Information or Highly Confidential Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Order.

13.     Inadvertent or Unintentional Disclosure.

        (a)     The inadvertent or unintentional disclosure by the producing party of Confidential Information or Highly Confidential Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, or work product doctrine (a "Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege.

        (b)     A producing party that inadvertently fails to designate discovery material CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order at the time of production shall be entitled to make a correction.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated.  Those parties who received the discovery material prior to notice of misdesignation by the producing party

1    shall, within ten (10) days of receipt of the substitute copies, destroy or return to the

2    law firm representing the producing party all copies of such misdesignated

3    documents.  Those parties who reviewed the misdesignated discovery material prior

4    to notice of the misdesignation by the producing party shall abide by the provisions

5    of this Order with respect to the use and disclosure of any information contained in

6    the misdesignated materials.

7             (c)    A party who has inadvertently produced a Privileged Document may

8    provide a written request for the return of such item or items of information.

9    Because of the large volume of electronic documents that the parties anticipate will

10   be produced in this case, there is a presumption that the production of any

11   Privileged Document is inadvertent.  Accordingly, the receiving party shall return

12   such items within ten (10) days of receiving a written request.

13   14.    A party's compliance with the terms of this Order shall not operate as an

14   admission that any particular document is or is not (a) confidential, (b) privileged or

15   (c) admissible in evidence at trial.

16   15.    Any party or person in possession of Confidential Information or Highly

17   Confidential Information or a Privileged Document, with respect to which the

18   producing party has asserted a claim of privilege in accordance with paragraph 12,

19   who receives a subpoena (or other process) from any person (including natural

20   persons, corporations, partnerships, firms, governmental agencies, departments or

21   bodies, boards or associations) who is not a party to this Order, which subpoena

22   seeks production or other disclosure of such Confidential Information or Highly

23   Confidential Information or a Privileged Document, shall promptly give written

24   notice by facsimile to counsel for the party who produced or designated the

25   materials as confidential or privileged identifying the materials sought and

26   enclosing a copy of the subpoena or other process.  The party or person receiving

27   the subpoena shall also inform the person seeking the Confidential Information or

28   Highly Confidential Information or a Privileged Document that such information or

document is either confidential or privileged, subject to this Order and may not be disclosed without the consent of the party that produced the Confidential Information or Highly Confidential Information or designated the document as privileged, or court order.  The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

16.     No party shall be subject to sanctions under this Order so long as the party was acting in good faith and immediately undertook any necessary or reasonable remedial actions.

17.     Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

18.     This Order is binding on all parties to this action and on all third parties or other non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

**SO ORDERED**

DATED: March 28, 2011                _____

                                             The Honorable Jay C. Gandhi
                                             United States Magistrate Judge

- 14 -

PROTECTIVE ORDER
NO. CV-10-4461 SJO (JCGx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1

**EXHIBIT A**

2

**UNITED STATES DISTRICT COURT**

3

**CENTRAL DISTRICT OF CALIFORNIA**

4

**WESTERN DIVISION**

5

6
7
8

KYLE SAWYER, Individually and
on behalf of all others similarly
situated,

9

                Plaintiff,

10
11
12

       v.

BILL ME LATER, INC., EBAY
INC., PAYPAL, INC., and
DOES 1-100,

                Defendants.

Case No. CV-10-4461 SJO (JCGx))

**CERTIFICATION**

Judge:    Hon. S. James Otero
Magistrate Judge: Hon Jay C. Gandhi

13

14

15

1.    My name is _____.

16

I live at _____.

17
18

I am employed as (state position) _____

19
20

by (state name and address of employer)
_____.

21
22
23

2.    I have read the Confidentiality Order that has been entered in this case, and a
copy of it has been given to me.  I understand the provisions of this Order, and
agree to comply with and to be bound by its provisions.

24

25

3.    I declare under penalty of perjury that the foregoing is true and correct.

26
27

Executed on _____ (date)

28

by _____ (signature)

CERTIFICATION
NO. CV-10-4461 SJO (JCGx)