1 | **Mark E. Haddad, SBN 205945**
  | **mhaddad@sidley.com**
2 | **Sean A. Commons, SBN 217603**
  | **scommons@sidley.com**
3 | **Johari N. Townes, SBN 252369**
  | **jtownes@sidley.com**
4 | **SIDLEY AUSTIN LLP**
  | **555 West Fifth Street, Suite 4000**
5 | **Los Angeles, California 90013**
  | **Telephone: (213) 896-6000**
6 | **Facsimile: (213) 896-6600**

7 | **Attorneys for Defendant WebBank**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE SAWYER, individually and on behalf of all others similarly situated, | Case No. CV-10-4461 SJO (JCGx) |
| Plaintiff, | Assigned to: Hon. S. James Otero |
| vs. | **NOTICE OF MOTION AND MOTION BY DEFENDANT WEBBANK TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)** |
| BILL ME LATER, INC., EBAY INC., PAYPAL, INC., and DOES 1-100, | |
| Defendant. | Date: October 24, 2011
Time: 10:00 a.m.
Place: Courtroom 1 |

WEBBANK'S RULE 12(b)(6) MOTION TO DISMISS


**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 24, 2011, Intervenor-Defendant WebBank will move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) Plaintiff has failed to allege a claim under the California Consumer Legal Remedies Act (the "CLRA") because the CLRA does not apply to extensions of credit, including where credit was used to purchase a particular good or service from a third party, and (2) all of Plaintiff's claims depend on the allegation that California Civil Code Sections 1671(c)-(d) apply here, and they do not.

WebBank expressly reserves it right to move to dismiss on the pleadings or at summary judgment any and all of Plaintiff's individual and putative class claims on different and additional grounds, including due to defects in the manner Plaintiff has pled this case. WebBank in no way concedes the accuracy of any of the facts alleged by Plaintiff in his complaint or the legal assumptions therein regarding the viability of his claims or the applicability of California law to certain issues in this case. To the extent WebBank relies on Plaintiff's allegations or assertions in this motion, it does so solely for purposes of this motion.

The motion shall be heard by the Honorable S. James Otero in Courtroom 1 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, CA 90012, on October 24, 2011, at 10:00 a.m. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 15, 2011 and September 5, 2011. Declaration of Sean A. Commons ("Commons Decl.") ¶ 2. Defendants Bill Me Later, Inc., eBay Inc., and PayPal, Inc. support WebBank's motion. *Id.* at ¶ 3. Plaintiff intends to oppose.

1    This Motion is based on this Notice, the attached Memorandum of Points and
2  Authorities, the Declaration of Sean A. Commons, all documents on file in this action,
3  and such further or additional evidence or argument as may be presented before or at
4  the time of the hearing on this Motion.

5  Dated:        September 26, 2011

                                              SIDLEY AUSTIN LLP

                                              By:  /s/ Mark E. Haddad
                                                   Mark E. Haddad
                                                   Attorneys for WebBank

# **TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................... 1

BACKGROUND ...................................................................................................... 2

STANDARD .............................................................................................................. 2

ARGUMENT ............................................................................................................. 3

I.   PLAINTIFF'S HAS NOT ALLEGED AND CANNOT ALLEGE A VIABLE CLRA CLAIM. .................................................................................. 3

    A.   The CLRA does not apply to extensions of credit, regardless of whether the credit was extended for a specific purchase. ...................... 3

    B.   Plaintiff's arguments ignore the California Supreme Court's decision in *Fairbanks* and rest on irrelevant distinctions. .................... 6

II.  ALL OF PLAINTIFF'S REMAINING CLAIMS REST ON CIVIL CODE § 1671(C)-(D), WHICH DO NOT APPLY HERE. ............................. 8

    A.   No provision of Section 1671 applies when, as in this case, another statute expressly prescribes the rules for the conduct at issue. ................................................................................................... 9

    B.   Subsections 1671(c)-(d) do not apply to extensions of credit. ........... 11

CONCLUSION ....................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Augustine v. FIA Card Servs., N.A.*,
 485 F. Supp. 2d 1172 (E.D. Cal. 2007) .................................................................4

*Ball v. Fleet Boston Fin. Corp.*,
 164 Cal. App. 4th 794 (2008) ................................................................................5

*Becker v. Wells Fargo Bank, N.A.*,
 No. 2:10-cv-02799 LKK KJN (E.D. Cal. March 22, 2011) ..................................6

*Berry v. Am. Express Publishing*,
 147 Cal. App. 4th 224 (2007) ................................................................................5

*Bottoni v. Sallie Mae, Inc.*,
 No. 4:10-cv-03602-LB, 2011 U.S. Dist. LEXIS 61626 (N.D. Cal. June 8,
 2011) ........................................................................................................10, 11, 12

*Bottoni v. Sallie Mae, Inc.*,
 No. C. 10-03602 LB, 2011 U.S. Dist. LEXIS 18874 (N.D. Cal. Feb. 11,
 2011) ...............................................................................................................*passim*

*Burden v. Snowden*,
 2 Cal. 4th 556 (1992) (en banc).............................................................................11

*Consumer Solutions Reo, LLC v. Hillery*,
 658 F. Supp. 2d 1002 (N.D. Cal. 2009)..............................................................5, 7

*Daniels-Hall v. Nat'l Educ. Ass'n.*,
 629 F.3d 992 (9th Cir. 2010) .................................................................................3

*Dunn v. GMAC Mortgage, LLC*,
 No. 2:10-CV-03196 JAM-KJN, 2011 WL 1230211 (E.D. Cal. March 28,
 2011) ......................................................................................................................6

*Fairbanks v. Superior Court*,
 46 Cal. 4th 56 (2009) .....................................................................................*passim*

*Gutierrez v. Wells Fargo & Co.*,
 622 F. Supp. 2d 946 (N.D. Cal. 2009)...............................................................4, 7

*Hanaway v. JPMorgan Chase Bank*,
   SACV 10-1809 DOC (PLAx), 2011 WL 672559 (C.D. Cal. Feb. 15, 2011) ...... 2

*Hughes v. Wells Fargo Bank, N.A.*,
   Case 2:10-cv-00239-JHN-MAN, slip. op. pp. 4-7 (C.D. Cal. April 26, 2010) .... 4

*In re Checking Account Overdraft Litig.*,
   694 F. Supp. 2d 1302 (S.D. Fla. 2010) ........................................................... 4, 7

*In re Late Fee & Over-Limit Fee Litig.*,
   528 F. Supp. 2d 953 (N.D. Cal. 2007) ................................................................ 4

*Justo v. IndyMac Bancorp*,
   No. SACV 09-1116 JVS (AGRx), 2010 WL 623715 (C.D. Cal. Feb. 19, 2010) ................................................................................................................ 6

*Oatway v. Option One Mortgage Corp.*,
   Case No. 2:10-cv-08188-DMG(JCx), slip. op. pp. 5-6 (C.D. Cal. March 2, 2011) ................................................................................................................ 6

*Palestini v. Homecomings Fin.*,
   LLC, No. 10CV1049-MMA, 2010 WL 3339459 (S.D. Cal. Aug. 23, 2010) ...... 6

*Perlas v. Mortgage Electronic Registration Sys., Inc.*,
   No. C 09-4500 CRB, 2010 WL 3079262 (N.D. Cal. Aug. 6, 2010) .................... 6

*Reynoso v. Paul Fin., LLC*,
   No. 09-3225 SC, 2009 WL 3833298 (N.D. Cal. Nov. 16, 1999) .................... 4, 6

*Sheppard v. Capital One Bank*,
   CV 06-7535 GAF (FFMx), slip. op. pp. 1, 2-3 (C.D. Cal. July 2, 2007) ............. 4

*Van Slyke v. Capital One Bank*,
   503 F. Supp. 2d 1353 (N.D. Cal. 2007) .......................................................... 3, 4

*Western Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) .............................................................................. 2

*Wilcox v. EMC Mortgage Corp.*,
   Case No. 8:10-1923-DOC(JCGx), slip op. p. 10 (C.D. Cal. July 25, 2011) ........ 6

*Young v. Wells Fargo & Co.*,
   671 F. Supp. 2d 1006 (S.D. Iowa 2009) ......................................................... 4, 6

**STATUTES & RULES**

Cal. Civ. Code §§ 1646......................................................................................................9

Cal. Civ. Code § 1671...............................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................................................2

Utah Code § 70C-1-101 *et seq.*...................................................................................1, 9

Assembly Bill 292, 1970 Reg. Sess., as introduced Jan. 21, 1970...........................5

12 C.F.R. § 226.2(17)(i) .................................................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

WebBank respectfully submits this memorandum in support of its motion to dismiss for failure to state a claim.

## INTRODUCTION

Plaintiff's CLRA claim fails as a matter of law because the CLRA does not apply to extensions of credit. In arguing for the opposite result, Plaintiff relied upon four cases holding that the CLRA applies to mortgages. Plaintiff's authorities have been superseded, however, by the California Supreme Court's decision in *Fairbanks v. Superior Court*, 46 Cal. 4th 56, 61-62, 65 (2009), and he has never identified an authority that adopts his "transactional credit" theory of liability under the CLRA. On the other hand, at least 20 cases, of which only three were previously addressed by this Court, have rejected CLRA claims involving extensions of credit used to make specific purchases; several of these cases explain that *Fairbanks* supersedes the mortgage cases on which Plaintiff relied. *Infra* Argument § I.A.

Second, Plaintiff's complaint fails as a whole, because all his remaining non-usury claims rest on the assumption that the late fees violate California Civil Code § 1671(c)-(d). Neither Subsection (c) or (d) applies, however, for two reasons. Subsection (a) of § 1671 states that *none* of the provisions of § 1671 applies where, as here, "another statute" expressly governs the contract at issue; in this case, that other statute is the Utah Consumer Credit Act, which governs the late fee provisions in Plaintiff's contract. Utah Code Ann. § 70C-2-102; *see* Cal. Civ. Code § 1671(a). In addition, Subsections 1671(c) and (d), by their terms, do not apply to extensions of credit, because credit is not a "retail purchase," "property," or a "service." This is the holding of *Bottoni v. Sallie Mae, Inc.*, No. C. 10-03602 LB, 2011 U.S. Dist. LEXIS 18874, at *25 (N.D. Cal. Feb. 11, 2011), a case decided after this Court's decision on the original motion to dismiss.

WEBBANK'S RULE 12(b)(6) MOTION TO DISMISS

## BACKGROUND

Plaintiff alleges claims for breach of contract, violation of the CLRA, and violation of the UCL. Each claim expressly depends on two underlying assumptions: (1) the late fees charged under the Bill Me Later program violate California Civil Code § 1671(c)-(d); or (2) the interest rates are usurious under the California Constitution. Dkt. # 1.

Prior to WebBank's intervention as a party, defendants Bill Me Later, eBay, and PayPal filed motions to dismiss as to each of these claims. Dkt. # 7, 9, 37. On December 12, 2010, the Court granted the motions in part. Dkt. # 41. The Court dismissed all of Plaintiff's claims based on California's usury laws with prejudice. *Id.* at 10. With respect to late fees, the parties had not argued that California and Utah law differ. Dkt. # 41 p. 10. The Court observed that both states employ the same general standard for determining the validity of liquidated damages clauses and did not consider choice-of-law questions further as to late fees. *Id.* at 11.

Relevant here, the briefing did not address whether Subsections 1671(c)-(d) apply to extensions of credit. The original defendants, however, did argue that the CLRA does not apply to extensions of credit. While the defendants cited four relevant cases in support of this argument, there now are at least sixteen other decisions that support those decisions. WebBank now moves to present the Court with these different and additional arguments and authorities for dismissing the complaint in its entirety.

## STANDARD

A claim is subject to dismissal when the facts as alleged fail to state a basis for relief. Fed. R. Civ. P. 12(b)(6). Conclusory allegations or legal assertions in the complaint are disregarded and do not establish a plausible claim for relief. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Hanaway v. JPMorgan Chase Bank*, SACV 10-1809 DOC (PLAx), 2011 WL 672559, at *1 (C.D. Cal. Feb. 15, 2011). The Court also may properly consider Plaintiff's account agreements,

which are liberally quoted in his pleadings, and form an integral part of his breach of contract and other claims. *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010); Dkt. # 1 ¶¶ 44, 48, 56. Their authenticity is not disputed, and Plaintiff already has placed true and correct copies in the record. Dkts. # 42-1 (quoting account agreement), # 44-1 (requesting judicial notice of account agreement).

## ARGUMENT

Plaintiff's CLRA claim should be dismissed because the CLRA does not apply to extensions of credit, regardless of whether a consumer uses credit to purchase a particular good or service from a third party. In addition, all of his late-fees-based claims fail because they wrongly assume that Subsections 1671(c)-(d) apply.

### I. PLAINTIFF HAS NOT ALLEGED AND CANNOT ALLEGE A VIABLE CLRA CLAIM.

Plaintiff has argued that, while the CLRA does not apply generally to extensions of credit, it nonetheless applies here. Specifically, Plaintiff claims the CLRA applies to a species of credit he has dubbed "transactional credit." Dkt. # 5, 22. Plaintiff used this novel theory not only to survive an earlier motion to dismiss, but to object to enforcement of a valid Utah forum-selection clause. Although the Court accepted Plaintiff's CLRA allegations as sufficient (Dkt. # 41 pp. 16-18), the Court did not have the opportunity to consider all of the many cases that (1) have dismissed CLRA claims regardless of whether credit was extended for a specific purchase, and thus have rejected Plaintiff's novel theory; and (2) have rejected the cases plaintiff cites in light of the California Supreme Court's recent decision in *Fairbanks*.

#### A. The CLRA does not apply to extensions of credit, regardless of whether the credit was extended for a specific purpose.

Courts have considered the precise question presented here – whether the CLRA applies to extensions of credit made for specific purchases – and have held that the CLRA does not apply *unless* "the seller of the goods or services happens to be the one extending credit . . . ." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353,

1359 (N.D. Cal. 2007). Courts have done so in settings ranging from credit card purchases (*id.* at 1359; *Augustine v. FIA Card Servs., N.A.*, 485 F. Supp. 2d 1172 (E.D. Cal. 2007)), and debit card purchases (*Gutierrez v. Wells Fargo & Co.*, 622 F. Supp. 2d 946, 956-57 (N.D. Cal. 2009)), to student loans (*Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 18874, at *31-32 (N.D. Cal. Feb. 11, 2011)), mortgages (*Reynoso v. Paul Fin., LLC*, 2009 WL 3833298, at *9 (N.D. Cal. Nov. 16, 1999)), and check overdraft extensions (*In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1326-27 (S.D. Fla. 2010) (evaluating California law)).

As part of that body of case law, courts consistently have dismissed CLRA claims that, like the claims here, challenge late fees or other charges incurred as a result of extensions of credit for a specific purchase.[1] With one exception (*Augustine*), none of these authorities previously were cited or were available to the Court, yet each dismissed CLRA claims where a defendant had extended credit to enable specific purchases – precisely what Plaintiff wants to describe as "transactional credit" subject to the CLRA.

The California Supreme Court also has rejected the reasoning underpinning Plaintiff's "transactional credit" theory. *See Fairbanks v. Superior Court*, 46 Cal. 4th 56, 61-62, 65 (2009). In *Fairbanks*, the plaintiff argued that even if insurance – like an extension of credit – is not a "good" or "service" covered by the CLRA, insurers invariably provide related services that should be covered by the CLRA. *Id.* The

---

[1] *Gutierrez*, 622 F. Supp. 2d at 956-57 (debit card overdraft fees); *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1026 (S.D. Iowa 2009) (mortgage servicing fees not actionable under CLRA); *Van Slyke*, 503 F. Supp. 2d at 1359 (credit card fees); *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 966 (N.D. Cal. 2007) (credit card fees); *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1326-17 (check overdraft fees); *see also Hughes v. Wells Fargo Bank, N.A.*, Case 2:10-cv-00239-JHN-MAN, slip. op. pp. 4-7 (C.D. Cal. April 26, 2010) (dismissing CLRA claim relating to bank account fees) (Ex. D to Commons Decl.); *Sheppard v. Capital One Bank*, CV 06-7535 GAF (FFMx), slip. op. pp. 1, 2-3 (C.D. Cal. July 2, 2007) (dismissing CLRA claim relating to, among other things, how "secured deposit" credit card "charges and fees were triggered and calculated") (Ex. E to Commons Decl.).

Court rejected this argument, holding that neither life insurance, nor the ancillary services associated with it, fall within the CLRA. *Id.* The Court recognized that accepting the plaintiff's reasoning would effectively destroy the express limitations on the scope of the CLRA, and "defeat the apparent legislative intent in limiting the" CLRA's scope:

> "[A]ncillary services are provided by the sellers of virtually all intangible goods–investment securities, bank deposit accounts and *loans*, and so forth. The sellers of virtually all these intangible items *assist prospective customers in selecting products that suit their needs*, and they often provide additional customer services related to the maintenance, value, use, redemption, resale, or *repayment* of the intangible item.

*Id.* at 65 (emphasis added). Given the Legislature's decision to exclude terms such as "money" and "credit" from the reach of the CLRA, the Court held that an expansive reading of the CLRA, including one that would sweep in those who provide services to assist with the "repayment" of "loans," is untenable. *See id.* at 62, 65; *see also Berry v. Am. Express Publishing*, 147 Cal. App. 4th 224, 230 (2007) (summarizing CLRA's legislative history resulting in elimination of statutory references to "money" and "credit"); *see also, e.g.*, Assembly Bill 292, 1970 Reg. Sess., as introduced Jan. 21, 1970 (rejected version of CLRA that would have allowed "[a]ny consumer who obtains credit . . . for personal, family, or household purposes" to assert a CLRA claim) (emphasis added). The analysis of *Fairbanks* shows that the California Supreme Court viewed services related to intangible items (like loans) as outside of the CLRA's reach.

In this case, Plaintiff is challenging finance charges and late fees associated with an extension of credit. He is not alleging that the computer he purchased from a third-party (Cyberpower Inc.) using his account was in any way defective or falsely promoted. Dkt. # 5, Ex. 1 ¶ 50. His CLRA claim relates "only [to] the validity" of the agreement under which he was extended credit. *Consumer Solutions*, 658 F.Supp. 2d. at 1017; *Ball v. Fleet Boston Fin. Corp.*, 164 Cal. App. 4th 794, 798 (2008)

("Whatever [plaintiff] intended to do with her credit card, the act of extending credit alone is not covered by the CLRA"). The California Supreme Court's decision in *Fairbanks* means that, if the Legislature's decision to exclude "money" and "credit" from the CLRA is to have any significance, then the use of credit to purchase a consumer good – a necessary and ancillary consequence of almost every extension of consumer credit – is not and cannot be enough to invoke the CLRA. *See Fairbanks*, 46 Cal. 4th at 61-62, 65. As a result, the Court should dismiss Plaintiff's CLRA claim with prejudice.

### B. Plaintiff's arguments ignore the California Supreme Court's decision in *Fairbanks* and rest on irrelevant distinctions.

Plaintiff may argue, as he did before, that this Court can safely adopt his "transactional credit" theory based on decisions that permitted CLRA claims against mortgage lenders because the mortgage loans were a "transactional credit" that applied only to the purchase of a specific, identified item. Dkt. # 22 pp. 18-19 & n.24 (citing four pre-*Fairbanks* cases). But the cases relied on by plaintiff are no longer good law in light of *Fairbanks*. "Since *Fairbanks*, courts have held that the CLRA is inapplicable to mortgage loans and the ancillary services related to them." *Palestini v. Homecomings Fin.*, LLC, No. 10CV1049-MMA, 2010 WL 3339459, at *11 (S.D. Cal. Aug. 23, 2010). Indeed after *Fairbanks*, at least ten district courts in California have rejected CLRA claims relating to mortgages – a critical fact that this Court previously did not have the benefit of. *Id.*; *Becker v. Wells Fargo Bank, N.A.*, No. 2:10-cv-02799 LKK KJN, slip op. p. 35 (E.D. Cal. March 22, 2011) (Exh. B to Commons Decl.) (rejecting CLRA claim relating to mortgage in view of *Fairbanks*); *Young*, 671 F. Supp. 2d at 1026 (rejecting pre-*Fairbanks* decisions applying CLRA to mortgages).[2] Because Plaintiffs' cases are no longer good law even for cases

---

[2] *See also Wilcox v. EMC Mortgage Corp.*, Case No. 8:10-1923-DOC(JCGx), slip op. p. 10 (C.D. Cal. July 25, 2011) (CLRA not applicable to "an extension of credit, such as a mortgage loan") (Ex. A to Commons Decl.); *Oatway v. Option One Mortgage*

involving late fees on *mortgages*, they cannot possibly control the outcome of a case involving late fees on other types of consumer credit transactions.

Plaintiff also may argue, as he did before, that the CLRA can apply here because CIT could either grant or deny a request for credit each time a consumer used an account. Dkt. # 5, Ex. 1 ¶ 27; Dkt. # 22 at 17-18 & n.23. But because the CLRA does not apply when credit is extended for specific purchases (*see supra*), then it cannot apply simply because a creditor retained the right to – but did not in fact – deny the requested credit. Such a formalistic exception would swallow the rule. Whether or not a lender retains the right to grant or deny individual requests for credit, in the end the claim ultimately relate to the decision to extend credit, and as such falls outside the CLRA.

Furthermore, such a novel exception-within-an-exception cannot be reconciled with the case law. Plaintiff cannot dispute, for example, that mortgages require individualized credit determinations related to the purchase of a specific property, and yet numerous courts have concluded, in light of *Fairbanks*, that the CLRA does not apply to one-time extensions of credit for the purchase of a home. Courts also have rejected CLRA claims brought against creditors who reserved the "the option to accept or decline the transaction." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1308 (S.D. Fla. 2010); *Gutierrez*, 622 F. Supp. 2d at 948, 956-57

---

*Corp.*, Case No. 2:10-cv-08188-DMG(JCx), slip. op. pp. 5-6 (C.D. Cal. March 2, 2011) (CLRA not applicable "to home loan transactions") (Ex. C to Commons Decl.); *Dunn v. GMAC Mortgage, LLC*, No. 2:10-CV-03196 JAM-KJN, 2011 WL 1230211, at *4 (E.D. Cal. March 28, 2011) ("CLRA does not apply to an Option Arm Loan"); *Perlas v. Mortgage Elec. Registration Sys., Inc.*, No. C 09-4500 CRB, 2010 WL 3079262, at *5 (N.D. Cal. Aug. 6, 2010) (CLRA not applicable "to mortgage loans"); *Justo v. IndyMac Bancorp*, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *3-4 (C.D. Cal. Feb. 19, 2010) (CLRA not applicable to mortgage "loan modifications"); *Reynoso v. Paul Fin., LLC*, No. 09-3225 SC, 2009 WL 3833298, at *9 (N.D. Cal. Nov. 16, 2009) (dismissing CLRA claim relating to mortgage loan); *Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1016-17 (N.D. Cal. 2009) (dismissing CLRA claim as inapplicable to mortgages and distinguishing prior cases in view of *Fairbanks*).

(describing how bank would decide "when a transaction [was] posted … whether or not to" extend credit for debit card overdrafts).[3]

Therefore, the Court should follow the numerous decisions rejecting claims arising from extensions of credit, and reject Plaintiff's untenable "transactional credit" theory of CLRA liability.

## II. ALL OF PLAINTIFF'S REMAINING CLAIMS REST ON CIVIL CODE § 1671(c)-(d), WHICH DO NOT APPLY HERE.

Because the CLRA does not apply to these transactions, the Court can dismiss the CLRA claim. Dkt. # 124. Alternatively, the Court can dismiss Plaintiff's CLRA claim – and every remaining claim in this case – because plaintiff does not state a claim under California Civil Code § 1671(c)-(d), which is the linchpin to all of his challenges to the late fees at issue.

This Court has already dismissed, with prejudice, all of Plaintiffs claims relating to allegedly "usurious" interest rates. Dkt. # 41 pp. 8-10. That leaves only Plaintiff's claims related to allegedly unduly high late fees. Though styled under different legal theories, Plaintiff's late-fees claims all boil down to whether California law - and in particular, Cal. Civ. Code § 1671(c)-(d) - controls the interest rates and late fees on his Bill Me Later account. Dkt. # 1 ¶¶ 72-73 (quoting Subsections 1671(c)-(d)); *see id.* at ¶¶ 72-74, 76(g), 81, 86-88; *see also* Dkt. # 42-1 ¶¶ 69-71,

---

[3] Plaintiff's argument also appears to rest on the unsupported and untenable assumption that banks issuing credit cards lack the right or ability to deny extensions of credit for specific transactions. Dkt. # 22 pp. 17-18 & n.23; Dkt. # 5. Ex. 1 ¶ 35 (contrasting Bill Me Later account with credit card account). As any credit card user knows from experience, banks retain the right to, and regularly do, decline individual requests for credit, for example, due to suspected merchant fraud, defaults or delinquencies, credit or collection risk, or suspected card theft. Allowing the existence of such rights to bring decisions – on credit or BML accounts – within the scope of the CLRA would effectively discard the express limitations on the CLRA that the California Supreme Court enforced in *Fairbanks* and nullify the California Legislature's decision to exclude credit transactions from the CLRA.

73(g), 79-81, 88.  Because Subsections 1671(c)-(d) do not apply to Plaintiff's late fees, the Court should dismiss all of the remaining claims with prejudice.

### A. No provision of Section 1671 applies when, as in this case, another statute expressly prescribes the rules for the conduct at issue.

Section 1671 begins with an important limitation applicable to all of its provisions.  Section 1671 as a whole "does not apply in any case where *another statute expressly applicable to the contract prescribes the rules or standard* for determining the validity of a provision in the contract *liquidating the damages* for the breach of the contract."  Cal. Civ. Code § 1671(a) (emphasis added).  Section 1671 is not limited to California statutes, as evidenced by its plain language and the statutory comments.  *See id.* (cmt. to 1977 amendment, citing examples of federal statutes).[4]

Here, another statute – namely the Utah Consumer Credit Act – expressly applies to the contract here by prescribing the rules and standards for late fees.  The Act expressly regulates late fees charged in connection with consumer credit agreements made in Utah.  Utah Code § 70C-1-101 *et seq.*  The Act is "liberally construed and applied" (*id.* at § 70C-1-102), specifically to "*credit offered or extended by a creditor to an individual person* primarily for personal, family, or household purposes" (*id.* at § 70C-1-201 (emphasis added)).  Consistent with federal law, the term "creditor" in Utah includes any "entity legally capable of entering into a binding contract" who "regularly extends consumer credit that is subject to a finance charge" and "to whom the obligation is initially payable … on *the face of the note or contract*…."  *Id.* at § 70C-1-302(3)(a)(i) & 302(7) (emphasis added); 12 C.F.R. § 226.2(17)(i).

Given the express terms of the Utah Consumer Credit Act, that Act is plainly one that satisfies the language of Subsection 1671(a) as a "statute expressly applicable

---

[4] In this respect, Subsection 1671(a) is not unique, as other provisions of California contract law also defer to the laws of other jurisdictions with respect to contract matters.  *Cf.* Cal. Civ. Code § 1646 (requiring a contract to be interpreted according to the laws of the state where it is performed or made).

to the contract [that] prescribes the rules or standard for determining the validity of a provision in the contract liquidating the damages for breach of the contract."

There can be no valid dispute that the Utah Consumer Credit Act applies to the contract challenged here.  As this Court previously ruled, Plaintiff cannot and "does not dispute that CIT is a party to the Agreement," that "CIT funded his loan and advanced the funds to the merchant," and that "CIT is chartered in Utah."  Dkt. # 41 p. 6; *accord* Dkts. # 1 ¶¶ 1, 12, 44, 50, 49 (admitting that CIT Bank is an "out-of-state bank, " the agreement "defines CIT Bank as 'the Lender,'" BML "buys the loan from CIT," and "Bill Me Later . . . purchases the receivable related to the consumer loan extended by CIT Bank").  The Agreement also recites on its face that it "has been accepted by you in the state of Utah, and all loans will be extended by you in the state of Utah."  Dkt. # 10-2 at 9; *see also* Dkts. # 42-1¶¶ 1, 12, 41, 46, 47, # 10-2 at 1, # 44-1 at 1; Cal. Evid. Code § 622.  CIT - and by assignment WebBank - is clearly the "creditor" under the agreement who offered or extended credit to Plaintiff.  Utah Code §§ 70C-1-201, 70C-1-302(3)(a)(i) & 302(7).

Finally, WebBank is not aware of any California statute comparable to the Utah Consumer Credit Act that expressly sets the rules for late fees for this particular type of contract, and Plaintiff has never cited one.  WebBank does note that, in the absence of another statute falling within the exception of Subsection 1671(a), Subsection 1671(b) would apply to contracts that fall outside of Subsections 1671(c)-(d).  Plaintiff, however, has not attempted to state a claim under Subsection 1671(b), likely because it treats liquidated damages clauses as presumptively valid.

As a result, the Court should hold that, under the plain language of Subsection 1671(a), the validity of the late fees incurred by Plaintiff is subject to the rules and standard of another expressly-applicable statute, the Utah Consumer Credit Act, and therefore is not covered by Section 1671.  Because Plaintiff relies solely on Section 1671 to support his remaining claims, his complaint should be dismissed.

### B.      Subsections 1671(c)-(d) do not apply to extensions of credit.

Plaintiff's claims based on Subsections 1671(c)-(d) independently fail, they do not apply to extensions of credit, because they are not "property," "services," or a "retail purchase." *Bottoni v. Sallie Mae, Inc.*, No. C. 10-03602 LB, 2011 U.S. Dist. LEXIS 18874, at *25 (N.D. Cal. Feb. 11, 2011) ("*Bottoni I*"); *Bottoni v. Sallie Mae, Inc.*, No. 4:10-cv-03602-LB, 2011 U.S. Dist. LEXIS 61626, at *10-13 (N.D. Cal. June 8, 2011) ("*Bottoni II*").  Subsections 1671(c)-(d) apply only to a contract "for the *retail purchase*, or rental, by such party of *personal property or services*, primarily for the party's personal, family, or household purposes ...." Cal. Civ. Code § 1671(c)-(d)(1) (emphasis added).  Here, the account agreement establishing late fees does not evidence the "retail purchase" of  "personal property" or "services," are required under Sections 1671(c)-(d).

Earlier this year, a federal district court confirmed that Sections 1671(c)-(d) do not apply to extensions of credit, and dismissed all claims based on those subsections. *Bottoni I*, 2011 U.S. Dist. LEXIS 18874, at *27; *Bottoni II*, 2011 U.S. Dist. LEXIS 61626, at *12-13  The court gave three reasons for its holding.

First, looking at the ordinary meaning of the statutory language, the Court held that an extension of credit "does not fit within an easy understanding of a contract for [a] 'retail purchase' ...." *Bottoni II*, 2011 U.S. Dist. LEXIS 61626, at *11.[5]  "Treating the borrowed money as a purchased object basically turns a loan into a retail installment sale/contract for money" (*Bottoni II*, 2011 U.S. Dist. LEXIS 61626, at *12), and the Legislature exempted such agreements from Section 1671 (Cal. Civ. Code §§ 1671(a), 1803.6).

Second, extensions of credit do not fit within the ordinary meaning of "services" or "rental ... of personal property." *Bottoni II*, 2011 U.S. Dist. LEXIS

---

[5] *See Burden v. Snowden*, 2 Cal. 4th 556, 562 (1992) (en banc) (courts must "look first look to the language of the statute, giving effect to its plain meaning").

61626, at *11-12. Like courts construing the CLRA, the court in *Bottoni* held credit is not a "service" and does not become a "service" whenever accompanied by "ancillary services." *Id.* at *10. Citing the California Supreme Court's reasoning in *Fairbanks*, the Court agreed that "ancillary" tasks "*do not change an extension of credit into a service* under Section 1671(c)." *Id.* at *10 (emphasis added). Otherwise, every extension of credit could be pled as subject to Subsections 1671(c)-(d), effectively defeating the inherent limitations built into these sub-sections. Relatedly, extensions of credit do not "fit within an easy understanding of" a contract for "rental … of personal property" because, when a loan is made pursuant to an extension of credit, "title to the lent sum passes to the borrower … and is not the payment for use of another's property." *Bottoni II*, 2011 U.S. Dist. LEXIS 61626, at*12 (citing Black's Law Dictionary (9th ed. 2009)).

Third, and finally, *Bottoni* pointed out that the California Supreme Court has "address[ed] liquidated damages provisions contained within loan documents" under Section 1671(b), which treats such clauses as presumptively valid, instead of Sections 1671(c)-(d), which do not. *Id.* at *11 (citing *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 977 (1998); *In re Hein*, 60 B.R. 769, 777-78 (S.D. Cal. 1986)).

The same three reasons that supported dismissal in *Bottoni* support dismissal here. Plaintiff's claims are predicated on Subsections 1671(c)-(d), (Dkt. # 1 ¶¶ 72-74, # 42-1 ¶¶ 69-71), yet the agreement concerning the disputed late fees is a contract for the extension of credit. Because Subsections 1671(c)-(d) do not apply to the extensions of credit, the Court can dismiss Plaintiff's claims.

**CONCLUSION**

Plaintiff's claims rely upon inapplicable statutes. For the foregoing reasons, the Court should dismiss the complaint in its entirety.

| | | |
|---|---|---|
| Dated: | September 26, 2011 | SIDLEY AUSTIN LLP |
| | | By: /s/ Mark E. Haddad |
| | | Mark E. Haddad |
| | | Attorneys for Defendant WebBank |